J-S42031-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CARLOS ANTHONY CLAIBORNE, | : | |
| | : | |
| Appellant | : | No. 1546 MDA 2017 |

Appeal from the Judgment of Sentence August 24, 2017
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000022-2014

BEFORE: BOWES, MCLAUGHLIN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED SEPTEMBER 26, 2018**

Carlos Anthony Claiborne (Appellant) appeals from the judgment of

sentence entered August 24, 2017, after the trial court found that Appellant

committed several technical violations, which resulted in the termination of

his parole and revocation of his probation. We affirm.

By way of additional background, by criminal information docketed to number CP-36-CR-0000022-2014 [(docket number 22-2014), Appellant] was charged with allegedly having committed the offense of retail theft, graded as a misdemeanor of the first degree. On February 28, 2014, [Appellant] appeared before the Honorable Margaret C. Miller [] and entered into a negotiated guilty plea. Pursuant to the terms of said negotiated plea agreement, [Appellant] was sentenced to a period of incarceration of not less than three nor more than twenty-three months to be followed by a consecutive one[-]year period of probation on a split sentence basis.

On March 28, 2014, a capias and bench warrant were filed against [Appellant] alleging that he had absconded from his approved residence and that his whereabouts were unknown to his supervising probation officer. Following [Appellant's]

* Retired Senior Judge assigned to the Superior Court

apprehension, on June 6, 2014, [Appellant] appeared before the Honorable Jeffery D. Wright [] relative to a violation of his parole/probation. At such time, the court found [Appellant] to be in violation of the terms of his probation/parole and deferred sentencing pending completion of a pre-sentence investigation [(PSI) report]. On September 8, 2014, [Appellant] appeared for sentencing. At such time, the court sentenced [Appellant] to serve the unexpired balance of his sentence, but ordered that he be paroled after serving six months directly to an in-patient treatment facility. The consecutive probationary sentence was to remain in effect. On November 20, 2014, pursuant to a written petition filed by his counsel, [Appellant] was granted early parole from said sentence.

On April 28, 2016, a capias and bench warrant were filed against [Appellant] alleging that he failed to report to his scheduled probation office appointments on April 4, 2016, April 6, 2016, and April 14, 2016; admitted to the use of cocaine and marijuana on January 20, 2016 during an office appointment on January 28, 2016; and, had tested positive for the use of controlled substances on February 26, 2016. On November 4, 2016, [Appellant] appeared before the Honorable Louis J. Farina [] relative to said parole/probation violations. At such time, [Appellant] was found to be in violation; his probationary period was revoked; and, [Appellant] was resentenced to a period of incarceration of not less than time served nor more than twenty-three months to be followed by a three[-]year period of consecutive probation on a split sentence basis. As a condition of sentence, [Appellant] was specifically ordered to complete drug and alcohol and mental health evaluations and to successfully complete any such treatment deemed necessary.

On May 15, 2017, a capias and bench warrant were filed against [Appellant] alleging that he failed to report to his supervising probation officer as directed on April 26, 2017; verbally admitted to the use of cocaine on April 17, 2017; and, was administratively discharged from the White Deer Run treatment facility for non-compliance with facility rules on May 11, 2017. On June 19, 2017, [Appellant] appeared before the trial court relative to said parole/probation violation. [Appellant] was found to be in violation of the terms of his probation and parole at the time of his violation hearing. The court ordered [PSI] report, and sentencing was to be scheduled upon receipt of such report.

- 2 -

On August 24, 2017, th[e trial court] terminated [Appellant's] parole; revoked [Appellant's] probation; and sentenced [Appellant] to serve a period of incarceration of not less than one year nor more than three years in the state correctional system. Said sentence was to be served concurrently with the sentence imposed on information number CP-36-CR-0004413-2009 [(docket number 4413-2009).[1] Appellant] was deemed ineligible for participation in the RRRI Program and the Commonwealth did not waive [Appellant's] ineligibility therefor. [Appellant] was also made eligible for all educational, vocational, drug and alcohol, mental health or other counseling programs as deemed necessary by the Department of Corrections. [Appellant] also remained obligated for all financial obligations.

Trial Court Opinion, 12/1/2017, at 2-4.

Appellant thereafter timely filed a post-sentence motion and, following its denial, a notice of appeal.[2] Appellant presents the following question for our review: "Did the [trial c]ourt err in denying Appellant's post-sentence motion requesting relief upon review of the sentence with respect to available mitigating factors, thus misapplying the sentencing guidelines,

---

[1] On appeal, Appellant complains of the aggregate sentence imposed at docket numbers 4413-2009 and 22-2014. However, as correctly noted by the trial court, Appellant filed a post-sentence motion, notice of appeal, and concise statement of matters complained of on appeal only relative to docket number 22-2014. Trial Court Opinion, 12/1/2017, at 1-2; Post-Sentence Motion, 9/3/2017; Notice of Appeal, 10/5/2017; Concise Statement of Matters Complained of on Appeal, 10/30/2017. "We therefore lack jurisdiction to review the sentence imposed at docket number" 4413-2009. *Commonwealth v. Hardy*, 99 A.3d 577, 579 (Pa. Super. 2014). "Thus, we shall proceed by considering the merits of Appellant's claims only to the extent they relate to the judgment of sentence at docket number" 22-2014. *Id.*

[2] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

resulting in an abuse of discretion by imposing a sentence that was manifestly excessive?" Appellant's Brief at 6. Appellant's sole issue on appeal challenges the discretionary aspects of his sentence. *Id.*

It is within this Court's scope of review to consider challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation. *Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa. Super. 2006).

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.
>
> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.
>
> Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. [U]pon revocation [of probation] ... the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. However, 42 Pa.C.S.[] § 9771(c) provides that once probation has been revoked, a sentence of total confinement may only be imposed if any of the following conditions exist[s]:
>
> > (1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

In addition, in all cases where the court resentences an offender following revocation of probation ... the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed [and] [f]ailure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant. A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender.

*Commonwealth v. Colon*, 102 A.3d at 1033, 1044 (Pa. Super. 2014)

(citations and quotation marks omitted).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his [or her] sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (some

citations omitted).

- 5 -

Here, Appellant timely filed a post-sentence motion and a notice of appeal, and included a statement pursuant to Rule 2119(f) in his brief. We now turn to consider whether Appellant has presented a substantial question for our review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Griffin***, 65 A.3d at 935 (citation and quotation marks omitted).

> In his 2119(f) statement, Appellant contends the trial court
>
> failed to properly take into consideration mitigating factors presented by counsel at sentencing such as the age of [] Appellant, the nature of his technical violations, as well as his rehabilitative needs.
>
> In light of the gravity of the technical offenses and an appropriate diagnosis responsible for his conduct, the [trial court's] lengthy sentence was not necessary to rehabilitate Appellant and was not justified by the need protect the public or vindicate the authority of the court. The [c]ourt misapplied the legislative intent in sentencing an individual by ignoring the factors underlying his conduct as well as not utilizing the rehabilitative treatment available by sentencing Appellant to [s]tate [p]rison, accordingly, the sentence handed down by the [trial court] was clearly unreasonable, unnecessary, and manifestly excessive.

Appellant's Brief at 13 (citation omitted).

- 6 -

At the outset, we recognize that a claim alleging the court "failed to properly take into consideration" the mitigating factors presented does not raise a substantial question. *See Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) ("[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review.") (quoting *Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010)); *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014) ("[W]e have held that a claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question.").

To the extent Appellant raises a substantial question for our review by alleging an excessive sentence in relation to the technical violations committed by Appellant,[3] we find his claim without merit. In its opinion to this Court, the trial court thorough addressed Appellant's arguments as follows.

> In re-sentencing [Appellant] in the instant matter, the court was guided by an extensive pre-sentence investigation [(PSI report)]. In fashioning sentence, the court gave thoughtful consideration to the entirety of [PSI[4]] report, with all its

---

[3] *See Commonwealth v. Malovich*, 903 A.2d 1247, 1253 (Pa. Super. 2006).

[4] "Where the sentencing court had the benefit of a [PSI], we can assume the sentencing court 'was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.'" *Commonwealth v. Griffin*, 65 A.3d 932, 937

*(Footnote Continued Next Page)*

attachments; the penalties authorized by the Legislature; the comments offered by the attorney for the Commonwealth; the comments offered by [Appellant] and his counsel; the letters from the Cove Forge treatment facility and the Lancaster County Prison; the recommendation and comments made by [Appellant's] supervising probation officer; [Appellant's] extensive rehabilitative needs; the need for the protection of the community; the need for there to be a deterrence; the facts and circumstances of the underlying offenses; and, most notably, [Appellant's] troubled history under the supervision of the court.

The court noted that [Appellant] is forty-one years of age. The court further considered [Appellant's] troubled upbringing, inasmuch as his father suffered from alcohol abuse and was physically and verbally abusive in nature. The court noted that [Appellant] frequently relocated throughout his formative and adult years. [Appellant] is married, but separated, and also was involved in a separate committed relationship while residing in the City of Harrisburg. [Appellant] is the father of a fifteen year old son. The court considered [Appellant's] educational background noting that he was expelled from Columbia High School after completing eleven grades of formal education, although he did earn his GED certification while in Juvenile Court commitment at an Abraxas facility. The court considered that [Appellant] received special education services for a learning disability. The court noted that there is a history of behavioral difficulties during [Appellant's] academic years. The court noted [Appellant's] sporadic employment history since his release from incarceration whereby he only worked for twenty-three days in 2015 and four months in 2016.

The court noted [Appellant's] prior criminal background, which demonstrated an extensive criminal record involving a juvenile offense of burglary in Louisiana; a robbery offense in Maryland; numerous charges in Florida, including lodging in prohibited places, possession charges, trespass charges, charges of carrying a concealed weapon, possession of drug paraphernalia, and grand theft auto. In Pennsylvania, [Appellant] has convictions for drug paraphernalia; false

*(Footnote Continued)* —————————
(Pa. Super. 2013) (quoting ***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988)).

identification to law enforcement; receiving stolen property; unauthorized use of a motor vehicle; theft offenses; harassment charges' and numerous violations of th[e trial] court's supervision. The court considered that [Appellant] has made little, if any, effort to change his pattern of anti-social behavior since turning eighteen years of age.

The court considered that [Appellant] has an extensive drug and alcohol history, which began when he was fourteen years of age. [Appellant] was drinking on a daily basis, but said use had diminished as an adult. [Appellant] was a heavy user of marijuana from fourteen to twenty-four years of age. [Appellant] was also heavily addicted to cocaine between the ages of fourteen and twenty-seven. [Appellant] used PCP four to five times per day from the age of twenty-seven to twenty-eight. Between the ages of twenty-seven and thirty-one, [Appellant] used LSD. Between the age of thirty-four and forty, [Appellant] used fifteen packs of synthetic marijuana per week. While there is a prior treatment history, the court notes that [Appellant] only spent eleven days at White Deer Run earlier in 2017 and was administratively discharged when he left the program of his own free will due to his father's medical issues. The court noted it was more concerned by the fact that [Appellant] refused any after-care o[r] follow-up treatment.

The court considered [Appellant's] mental health history with his diagnosis and treatment at Wellness Counseling Associates and Pennsylvania Counseling Services for numerous conditions, including bipolar disorder, depression, anxiety disorder not otherwise specified, cannabis dependence, alcohol dependence, mood disorder not otherwise specified, intermittent explosive disorder, multiple personality disorder, and obsessive compulsive disorder. [Appellant] was prescribed various medications for these conditions and was hospitalized on at least three occasions relative to mental health concerns.

For [Appellant] to suggest that the sentence imposed by th[e trial] court is so manifestly excessive as to constitute an abuse of discretion is belied by an examination of his history on court supervision. As noted above, [Appellant's] first violation occurred one month after his release from incarceration and [Appellant's] eighth violation[] since 2011 included the admitted use of drugs, repeated failure to report to his supervising probation officer as directed, and non-compliance with drug and

- 9 -

alcohol treatment. The sentence imposed in this case was not manifestly unreasonable, nor was it the result of partiality, prejudice, bias, or ill-will. It was the result of extensive reflection upon all considerations discussed above. Unfortunately, probation, parole, and community[-]based treatment have been ineffective vehicles to address [Appellant's] rehabilitative needs.

Trial Court Opinion, 12/1/2017, at 8-10 (citations omitted).

The record supports the foregoing. *See* N.T., 8/24/2017, at 10-12 (noting before sentencing the court considered, *inter alia*, "penalties authorized by the Legislature[;]" "facts and circumstances of the underlying offense, the facts and circumstances of the current violations on [Appellant's c]ourt supervision, and [Appellant's] history while on the supervision of th[e trial court;] the PSI report; "the position of the Commonwealth, the position of the probation officer … the comments made by [Appellant's counsel and Appellant;]" Appellant's rehabilitative needs, "the need for there to be a deterrence and vindication of th[e trial court's] authority as we as protection of the entire community."). *See also Id.* at 18 (finding Appellant has "thumbed" his nose at various opportunities provided to help him and "that probation and parole and community-based treatment has been an ineffective vehicle to address [Appellant's] concerns or an ineffective vehicle to address his rehabilitative needs[,]" and concluding that based on Appellant's conduct, Appellant "is likely to commit another crime if he is not in prison, and there simply can be no doubt that the sentence which the [trial court imposed was] necessary to vindicate the authority of" the court.).

Here, we find the trial court properly considered all the factors, including the mitigating evidence presented, and was well within its discretion to determine that Appellant's multiple violations "had demonstrated a continuing refusal to abide by the conditions of court supervision." Trial Court Opinion, 12/1/2017, at 10. *See Commonwealth v. Mouzon*, 812 A.2d 617, 620 (Pa. 2002) ("Traditionally, the trial court is afforded broad discretion in sentencing criminal defendants 'because of the perception that the trial court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.'") (quoting *Commonwealth v. Ward*, 812 A.2d, 617 (Pa. 1990)).

Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/26/2018