J-A12005-14

2014 PA Super 187

COMMONWEALTH OF PENNSYLVANIA,   :    IN THE SUPERIOR COURT OF
                                             :              PENNSYLVANIA

               Appellee      :

                                :

               v.             :

                                :

KEITH HARDY,                :

                                :

              Appellant     :     No. 1098 EDA 2013

Appeal from the Order Entered April 3, 2013,
In the Court of Common Pleas of Philadelphia County,
Municipal Court Division, at No. MC-51-CR-0041747-2010.

BEFORE: SHOGAN, STABILE and PLATT*, JJ.

OPINION BY SHOGAN, J.:                          **FILED AUGUST 29, 2014**

Appellant, Keith Hardy, appeals from the trial court's order denying his petition for writ of *certiorari*. Upon review, we vacate and remand.

On June 18, 2012, Appellant pled guilty to one count of retail theft on each of two docket numbers: MC-51-CR-0041747-2010 and MC-51-CR-0053427-2011. He was sentenced to one year of reporting probation on each charge, the sentences to run concurrently.

On January 16, 2013, Appellant pled guilty to theft by unlawful taking. As a result of this direct violation of his probation, Appellant's probation was revoked and he was sentenced to three to twelve months of incarceration on each conviction, to run consecutively, for an aggregate sentence of six to twenty-four months.

_____

*Retired Senior Judge assigned to the Superior Court.

The trial court summarized the subsequent procedural history of this case as follows:

> Appellant, Keith Hardy, appealed the Philadelphia Municipal Court's judgment of sentence imposed on January 16, 2013, following a revocation of probation. He filed a petition for writ of *certiorari* with [the court of common pleas], seeking review of whether the lower court erred at the probation violation hearing on the grounds that his right to allocution was denied. A hearing was held before [the court of common pleas] on April 3, 2013. After hearing oral argument, [the court of common pleas] denied the petition . . . This was the sole issue raised before [the court of common pleas] at the April 3, 2013 hearing.
>
> Mr. Hardy filed a timely appeal on April 11, 2013. He timely filed a . . . Statement of Matters complained of on Appeal, pursuant to [Pa.R.A.P.] 1925(b) on April 29, 2013.

Trial Court Opinion, 7/18/13, at 1.

Appellant presents the following issues for our review:

> 1. Did not the lower court err when it failed to afford Mr. Hardy the fundamental right to speak on his own behalf prior to the imposition of sentence?
>
> 2. Did not the lower court err as a matter of law, violate general sentencing principles and abuse its discretion by imposing a manifestly excessive state sentence for two retail theft convictions during a violation of probation hearing where the court failed to consider Mr. Hardy's work history, his prior record which consisted exclusively of minor thefts or his rehabilitative needs and therefore imposed a sentence that was grossly disproportionate to the crimes and alleged violation, went beyond what was necessary to foster Mr. Hardy's rehabilitation and far surpassed what was required to protect the public?

Appellant's Brief at 4.

Before reaching the merits of Appellant's claims, we must first consider the Commonwealth's claim that only one of the two judgments of sentence was appealed, and thus, only one judgment is properly before this Court for consideration. Commonwealth's Brief at 8, n.5. The Commonwealth asserts that Appellant's notice of appeal includes only the docket number for one of the two underlying retail theft convictions, specifically the conviction at docket number MC-51-CR-0041747-2010. *Id.* Accordingly, the Commonwealth maintains that the judgment of sentence in the other matter, at docket number MC-51-CR-0053427-2011, is not properly at issue in this appeal. *Id.*

A review of Appellant's notice of appeal found within the certified record reveals that it lists only docket number MC-51-CR-0041747-2010. Notice of Appeal, 4/10/13, at 1. We therefore lack jurisdiction to review the sentence imposed at docket number MC-51-CR-0053427-2011. *See Commonwealth v. Garwood*, 466 A.2d 1086, 1087 (Pa. Super. 1983) (explaining that, because a bill of information was not included in the notice of appeal, no appeal had been filed from the judgment of sentence imposed at that number, and this Court had no jurisdiction to grant relief at that number); *see also Commonwealth v. Keys*, 460 A.2d 253, 254-255 (Pa. Super. 1983) (where the relevant bills of information were not listed on the notice of appeal, appellants could not amend their notices of appeal after the

time for filing the appeal had expired, and as a result, this Court quashed the appeals); *see also Commonwealth v. Tuck*, 469 A.2d 644, 646, n.1 (Pa. Super. 1983) (limiting consideration of claim on appeal to only that bill of information listed in the notice of appeal). Thus, we shall proceed by considering the merits of Appellant's claims only to the extent they relate to the judgment of sentence at docket number MC-51-CR-0041747-2010.

In his first issue, Appellant claims that the trial court erred in concluding that Appellant had waived his claim regarding his right to allocution. Appellant's Brief at 15. Appellant asserts that he preserved this claim when he raised it in his post-sentence motion titled "Petition to Vacate and Reconsider Sentence" which he filed within ten days of the imposition of sentence. *Id.* Furthermore, Appellant maintains that the trial court erred in failing to inform him that he had a right to make a statement on his own behalf, and by failing to allow him to make a statement pursuant to Pa.R.Crim.P. 704 and 708. *Id.* at 19. It is Appellant's contention that such error mandates reversal and remand for re-sentencing. *Id.* at 20.

In *Commonwealth v. Jacobs*, 900 A.2d 368, 372 (Pa. Super. 2006) (*en banc*), the panel explained that in order to preserve a claim of error pertaining to the right of allocution, the defendant must raise the claim before the trial court at the time of sentencing or in a post-sentence motion, or suffer waiver of the claim on appeal. *Id.* In the case at bar, review of

the record reflects that Appellant filed a timely post-sentence motion, titled "Petition to Vacate and Reconsider Sentence" in which he raised the claim that he was not provided his right of allocution. Petition to Vacate and Reconsider Sentence, 1/18/13, at 1.[1] Thus, we are constrained to conclude that the trial court erred in holding that Appellant waived this issue.

Moreover, we note that the Commonwealth's argument that the holding in *Jacobs*, that a defendant may preserve an allocution claim either at a sentencing hearing or in a timely post-sentence motion, is *dicta* (Commonwealth's Brief at 10), is without merit. In *Jacobs*, this Court granted *en banc* consideration on the specific issue of whether a denial of allocution creates a non-waivable challenge to the legality of the sentence. *Jacobs*, 900 A.2d at 372. In order to determine the waiver issue, the Court by necessity had to address how the claim could be preserved. As such, the holding that a claim could be preserved only at a sentencing hearing or in a post-sentence motion was essential to its determination of whether the assertion of denial of allocution was non-waivable and, accordingly, is not *dicta*. Therefore, the holding in *Jacobs* is controlling and Appellant's allocution claim is not waived because it was raised with the trial court in a

---

[1] We note that the trial court concluded that the "record is devoid of any challenge by the defendant concerning his right to allocution" and thus found Appellant's claim waived on that basis. Trial Court Opinion, 7/18/13, at 3. The trial court made no reference to the assertion regarding the denial of the right of allocution raised in Appellant's post-sentence motion.

timely post-sentence motion. Thus, we must consider the merits of Appellant's claim that his right to allocution was unlawfully denied.

The general right to allocution is set forth in Pa.R.Crim.P. 704(C)(1), which provides:

> At the time of sentencing, the judge shall afford the defendant the opportunity to make a statement in his or her behalf and shall afford counsel for both parties the opportunity to present information and argument relative to sentencing.

P.R.Crim.P. 704(C)(1). Additionally, Pa.R.Crim.P. 708(D)(1), pertaining to sentencing procedures following revocation of probation, provides:

> At the time of sentencing, the judge shall afford the defendant the opportunity to make a statement in his or her behalf and shall afford counsel for both parties the opportunity to present information and argument relative to sentencing.

Pa.R.Crim.P. 708(D)(1). Similarly, the Sentencing Code, at 42 Pa.C.S.A. § 9752—Sentencing proceeding generally—requires that the sentencing court "[a]fford to the defendant the right to make a statement." 42 Pa.C.S.A. § 9752(a)(2).

Our Supreme Court has noted that a defendant's right to personally address the court prior to sentencing, and thereby plead for mercy, is of paramount importance and has rejected the proposition that a defendant must show prejudice because of the denial of the right. *Commonwealth v. Thomas*, 553 A.2d 918, 919 (Pa. 1989). As the *Thomas* Court stated: "What effect the exercise of the right of allocution might have on the

subjective process of sentencing can never be known with such certainty that a reviewing court can conclude there was no prejudice in its absence." ***Id.*** The Court interpreted then-Rule 1405, now renumbered at Rule 704,[2] as requiring the sentencing court to inform the defendant of his right to speak prior to sentencing, and where the trial court erroneously fails to so inform the defendant of the right, a resentencing hearing is required. ***Id.***; ***see also Commonwealth v. Hague***, 840 A.2d 1018, 1019 (Pa. Super. 2003) ("The failure to afford a criminal defendant the right to address the court prior to sentencing requires remand to allow allocution prior to resentencing.")

In the present case, the record reveals that Appellant was not afforded, nor made aware of, the opportunity for allocution as is mandated by rule and precedent. N.T., 1/16/2013, at 7. Therefore, Appellant's sentence is vacated and this case is remanded for resentencing with specific instructions to the trial court to afford Appellant the opportunity to speak on his own behalf if he so chooses.

Because we remand for a new sentencing hearing, we need not address Appellant's second issue. Appellant shall be resentenced after he is afforded the opportunity for allocution.

---

[2] ***See*** Note to Pa.R.Crim.P. 704.

Judgment of sentence vacated. Matter remanded for resentencing. Jurisdiction relinquished.

PLATT, J., files a Concurring Opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2014