J-S55039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PARIS BARTLETT, | |
| Appellant | No. 804 EDA 2015 |

Appeal from the Judgment of Sentence September 20, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0808341-2006,
CP-51-CR-1301845-2006

BEFORE: LAZARUS, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED AUGUST 12, 2016**

Appellant Paris Bartlett appeals from the judgment of sentence entered by the Court of Common Pleas of Philadelphia County after Appellant's probation was revoked. Appellant claims that the lower court erred in failing to advise him of his right to allocution and the consequences of violating his probation. In addition, he raises several challenges to the discretionary aspects of his sentence. After careful review, we affirm.

On September 19, 2003, Appellant was charged with identify theft, forgery, and related offenses (CP-51-CR-0808341-2006). On March 17, 2005, Appellant was charged with burglary and related offenses (CP-51-CR-1301845-2006). On April 19, 2007, Appellant entered guilty pleas on both dockets before the Honorable Thomas Dempsey, who sentenced Appellant to

---

*Former Justice specially assigned to the Superior Court.

two concurrent terms of 11½ to 23 months incarceration followed by five years probation.

Appellant's probation was first revoked on November 14, 2008. Appellant appeared for a violation of probation (VOP) hearing before Judge Dempsey, who sentenced Appellant to time served to twenty-three months imprisonment followed by three years probation.

Appellant's probation was revoked a second time after his June 12, 2009 arrest where officers observed Appellant participating in a suspicious hand-to-hand transaction and discovered Appellant in possession of marijuana and a loaded firearm. After a **Daisey Kates** hearing[1] held on September 20, 2012, the Honorable Diana Anhalt found Appellant in violation of his probation for possessing the drugs and firearm as well as his failure to pay restitution, costs, fines, and fees in the other cases. Judge Anhalt sentenced Appellant to consecutive terms of two to five years imprisonment on docket at CP-51-CR-0808341-2006 and three to ten years incarceration on the docket at CP-51-CR-1301845-2006.

_____

[1] "The focus of a probation violation hearing, even though prompted by a subsequent arrest, is whether the conduct of the probationer indicates that the probation has proven to be an effective vehicle to accomplish rehabilitation and a sufficient deterrent against future antisocial conduct." **Commonwealth v. Kates**, 452 Pa. 102, 114-15, 305 A.2d 701, 708 (Pa. 1973) (finding no statutory or constitutional bar to holding VOP hearing prior to trial for criminal charges based on same activities which gave rise to alleged probation violation).

On March 12, 2013, Appellant filed a timely petition under the Post Conviction Relief Act ("PCRA").[2] The PCRA court appointed counsel, who filed an amended petition seeking the reinstatement of Appellant's direct appellate rights. On March 12, 2015, the PCRA court granted the requested relief. This timely appeal followed. Appellant complied with the lower court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raised the following issues in his 1925(b) statement:

I.    The Court was in error in conducting the sentencing hearing following [Appellant's] violation hearing for the following reasons:

   a. The Court never advised [Appellant] at his original guilty plea hearing that he could receive a maximum statutory sentence if he violated probation, thus his plea agreement was abrogated;

   b. The Court never advised [Appellant] of his right to allocution at the violation hearing;

   c. The Court never ordered a pre[-]sentence investigation report following his violation;

   d. The Court never issued a contemporaneous statement as to why the sentence was outside the guidelines.

1925(b) statement, 4/28/15, at 1-2.

Appellant first claims that the original trial court judge who accepted his consolidated plea agreement in April 2007 erred in not advising him of

_____

[2] 42 Pa.C.S. §§ 9541-9546.

the potential sentence he faced upon the violation of his probation. Appellant cannot ask to withdraw his guilty plea after a violation of his probation when he never contested the validity of the original plea or the plea colloquies when they were entered. ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1035-36 (Pa. Super. 2013) (stating that the "voluntariness of a guilty plea cannot be contested following the revocation of probation").

Even if this claim was properly preserved before this Court, we note that the record contains Appellant's signed written plea colloquy forms,[3] which clearly shows that Appellant acknowledged that he understood the maximum penalties he faced in each case. Appellant cannot now disavow the representations he made to the lower court when he entered his plea. ***See Commonwealth v. Reid***, 117 A.3d 777, 784 (Pa. Super. 2015) (providing that a defendant is bound by statements made in a written plea colloquy).

In his remaining claims, Appellant argues that the lower court erred in failing to advise him of his right to allocution, order a pre-sentence report, or place on the record its reasons for imposing Appellant's sentence. As Appellant did not preserve any of the issues by objecting at sentencing or in a post-sentence motion, we find all three issues waived on appeal. ***See***

---

[3] The record does not contain transcripts of Appellant's guilty plea hearing. We caution counsel that it is the appellant's burden to ensure that the certified record is complete. Pa.R.A.P. 1921.

Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"); **Commonwealth v. Hardy**, 99 A.3d 577, 579 (Pa. Super. 2014) ("in order to preserve a claim of error pertaining to the right of allocution, the defendant must raise the claim before the trial court at the time of sentencing or in a post-sentence motion, or suffer waiver of the claim on appeal"). **Commonwealth v. Taylor**, --- A.3d ---, 2016 PA Super 83 (Pa. Super. filed Apr. 11, 2016) ("[o]bjections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed").

For the foregoing reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/2016