J-S02041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JONATHON NIEVES | |
| Appellant | No. 1458 EDA 2016 |

Appeal from the Judgment of Sentence April 4, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001326-2011
CP-51-CR-0001449-2011
CP-51-CR-0001748-2007
CP-51-CR-0003785-2007

BEFORE: FORD ELLIOTT, P.J.E., STABILE, J., and MOULTON, J.

MEMORANDUM BY MOULTON, J.:                    **FILED JUNE 05, 2017**

Jonathon Nieves appeals from the April 4, 2016 judgment of sentence entered in the Philadelphia County Court of Common Pleas. We affirm.

On November 30, 2013, Nieves was arrested and charged with aggravated assault[1] at docket CP-51-CR-0001711-2014 ("Bill 1711") and possession of a controlled substance with intent to deliver[2] ("PWID") at CP-51-CR-0002942-2014 ("Bill 2942"). This arrest triggered violations of

_____

[1] 18 Pa.C.S. § 2702.

[2] 35 P.S. § 780-113(a)(30).

probation on four outstanding probation sentences.[3]  On February 3, 2016, Nieves pled guilty to aggravated assault at Bill 1711, and the trial court imposed a negotiated sentence of 1½ to 3 years' incarceration.[4]

On April 4, 2016, Nieves pled guilty to PWID at Bill 2942, and the trial court sentenced him to 1½ to 3 years' incarceration, followed by five years' probation, to run concurrently with his sentence at Bill 1711.  The trial court also found that Nieves had violated his probation on the four outstanding sentences at Bills 3785, 1748, 1326, and 1449.  At each Bill, the trial court

_____

[3] On May 31, 2007, following a bench trial at docket CP-51-CR-0001748-2007 ("Bill 1748"), Nieves was convicted of PWID.  On June 29, 2007, Nieves pled guilty at CP-51-CR-0003785-2007 ("Bill 3785") to carrying a firearm without a license, 18 Pa.C.S. § 6106(a)(1), and carrying a firearm on the public property or streets of Philadelphia, 18 Pa.C.S. § 6108. That same day, the trial court imposed concurrent sentences on these Bills. At Bill 1748, the trial court imposed a sentence of 11½ to 23 months' incarceration followed by 4 years' probation, and at Bill 3785 the trial court imposed a sentence of 11½ to 23 months' incarceration for the conviction for carrying a firearm on the public property or streets of Philadelphia and a consecutive 4 years' probation for the conviction for carrying a firearm without a license.

In November 2010, Nieves was arrested for PWID and charged at two dockets, CP-51-CR-0001326-2011 ("Bill 1326") and CP-51-CR-0001449-2011 ("Bill 1449"), which triggered violations of probation at his two 2007 dockets.  On May 5, 2011, the trial court revoked Nieves' probation at Bills 1748 and 3785, and Nieves pled guilty to the charges at Bills 1326 and 1449.  The trial court imposed four concurrent sentences of 11½ to 23 months' incarceration, followed by three years' probation.

[4] This is the sentence reflected in the court of common pleas docket. In its Pennsylvania Rule of Appellate Procedure 1925(a) opinion, the trial court states that it sentenced Nieves to 1½ to 3 years' incarceration, followed by 3 years' probation.  We do not have the original trial court record for this docket number.  **See** note 6, **infra**.

sentenced Nieves to 1½ to 3 years' incarceration. At Bills 1748, 1326, and 1449, the trial court sentenced Nieves to an additional 5 years' probation; at Bill 3785, the trial court sentenced Nieves to an additional 2 years' probation. The trial court ordered Nieves to serve all sentences of probation concurrently.[5] Nieves did not file a post-sentence motion. On May 1, 2016, Nieves timely filed a notice of appeal.

---

[5] Our review of the certified record reveals multiple discrepancies between the notes of testimony, the trial court's Rule 1925(a) opinion, and the sentencing orders for the four sentences imposed on violations of probation. Based on our review of the sentencing transcript and the Rule 1925(a) opinion, it appears that the trial court intended to sentence Nieves to an aggregate term of 3 to 6 years' incarceration, followed by 5 years' probation. *See* N.T., 4/4/16, at 23-24; Trial Ct. Op., 7/11/16, at 2 ("1925(a) Op."). However, Nieves' sentencing orders from the violations of probation at Bills 1748, 3785, and 1326 require that Nieves serve **consecutive** sentences of incarceration at Bills 1748 and 2942, consecutive to the incarceration on the other four Bills, which results in an aggregate sentence of 4½ to 9 years' incarceration. In contrast, the sentencing order at Bill 1449 states that Nieves should serve **concurrent** sentences of incarceration at Bills 1748 and 2942, consecutive to the incarceration on the other four Bills, which results in an aggregate term of 3 to 6 years' incarceration. Further, it appears that the trial court intended to sentence Nieves to consecutive sentences of incarceration at Bills 1711 and 2942, not Bills 1748 and 2942. *See* N.T., 4/4/16 at 23-24, 27-28; 1925(a) Op. at 2. We remind the trial court that it is responsible for assuring that its intended sentencing scheme is reflected in the sentencing orders at each docket number.

Due to these discrepancies, Nieves may seek to clarify the sentencing order by filing a timely Post Conviction Relief Act ("PCRA") petition alleging ineffective assistance of counsel in the sentencing process. We make no determination as to the merits of any claim Nieves could assert under the PCRA, as original jurisdiction in these matters is vested in the court of common pleas. *See* 42 Pa.C.S. § 9545(a).

Nieves' issue on appeal is "[w]hether the court's sentence of three to six (3 – 6) years' incarceration followed by five (5) years['] probation violated [42] Pa.C.S. § 9721(b), constituting an abuse of discretion?" Nieves' Br. at 5. In his Pennsylvania Rule of Appellate Procedure Rule 1925(b) statement and brief, Nieves also argues that the trial court erred when it imposed his sentences for violations of probation consecutive to the other sentences.[6]

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super. 2011). Before we address such a challenge, we must first determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super. 2013) (quoting *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa.Super. 2006)).

---

[6] Nieves' notice of appeal lists only the four docket numbers on which he was resentenced following the violation of his probation. Based on the sentencing orders for the four docket numbers on the notice of appeal, Nieves' total aggregate sentence includes Bills 1711 and 2942, which Nieves did not include in his notice of appeal. Because we are without jurisdiction to consider dockets numbers that are not included in a notice of appeal, **see** *Commonwealth v. Hardy*, 99 A.3d 577, 579 (Pa.Super. 2014), we review only those four dockets upon which Nieves was sentenced for a violation of probation.

While Nieves filed a timely notice of appeal, he did not preserve his discretionary aspects of sentencing claim because he did not file a motion to modify or reconsider sentence. ***See Commonwealth v. Levy***, 83 A.3d 457, 467 (Pa.Super. 2013) (finding that appellant failed to preserve his discretionary aspects of sentencing challenge where he did not file a post-sentence motion); ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*) ("[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of sentence is waived.") (quoting ***Commonwealth v. Kittrell***, 19 A.3d 532, 538 (Pa.Super. 2011)). Nor did he raise the issue before the trial court at sentencing. While Nieves' counsel asked the trial court to consider an aggregate sentence of 2½ to 5 years' incarceration, he did not argue then, as he does before this Court, that the imposition of 1½ to 3 years' incarceration on the violations of probation consecutive to his other two sentences was manifestly excessive or that the trial court failed to consider the section 9721(b) factors in imposing a total sentence of 3 to 6 years' incarceration. Under these circumstances, we conclude that Nieves has waived his discretionary aspects of sentencing challenge. ***See Commonwealth v. Tejada***, 107 A.3d 788, 799 (Pa.Super.) (concluding that where appellant fails to preserve "arguments in support of his discretionary aspect of sentencing claim at

sentencing or in his post-sentence motion, they are not subject to our review"), *app. denied*, 119 A.3d 351 (Pa. 2015).

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/5/2017