J-S03009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NATHAN ROSARIO, | |
| Appellant | No. 584 EDA 2018 |

Appeal from the PCRA Order Entered January 16, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0511231-2001

BEFORE:  BENDER, P.J.E., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED APRIL 03, 2019**

Appellant, Nathan Rosario, appeals *pro se* from the post-conviction court's January 16, 2018 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The facts underlying Appellant's conviction are not relevant to his present appeal.  The PCRA court summarized the pertinent procedural history of his case in its Pa.R.A.P. 1925(a) opinion, as follows:

> On September 12, 2001, [Appellant] appeared before the Honorable James J. Fitzgerald III, and pleaded guilty to charges pursuant to the above four listed Bills of Information, which charged, *inter alia*, two counts of robbery, burglary, two counts of aggravated assault, possessing an instrument of crime, generally, criminal trespass, two counts of terroristic threats, and two counts of unlawful restraint [at docket number] CP-51-CR-0710141-2001[;] robbery and burglary [at docket number] CP-51-CR-0710691-2001[;] robbery [at docket number] CP-51-CR-0710701-2001[;] and involuntary deviate sexual intercourse, burglary, robbery, and possessing an instrument of crime [at docket number] CP-51-CR-0511231-2001.  Following the entry of

these pleas, [Appellant] filed a Motion to withdraw the guilty pleas. On October 10, 2002, Judge Fitzgerald granted the motion in part and permitted him [to] withdraw the pleas entered as of CP-51-CR-0710701-2001 and CP-51-CR-0710141-2001.[2]

> [2] Subsequent to the withdrawal of said pleas, the Commonwealth *nol prossed* all of the charges [at docket number] CP-51-CR-0710701-2001.

On October 29, 2002, Judge Fitzgerald sentenced [Appellant] to an aggregate term of incarceration of 25 to 50 years on CP-51-CR-0710691-2001 and CP-51-CR-0511231-2001. On November 5, 2002, [Appellant] filed a motion to reconsider the sentence imposed upon him as well as the order denying the motion to withdraw the pleas entered as of CP-51-CR-0710691-2001 and CP-51-CR-0511231-2001. Judge Fitzgerald denied the motion on January 17, 2003, following which [Appellant] filed a [n]otice of [a]ppeal. On November 17, 2003, the Superior Court dismissed that appeal for his failure to file a brief. (No. 699 EDA 2003).

With regard to CP-51-CR-0710141-2001, [Appellant] was tried before the Honorable Willis Berry. On October 6, 2003, the jury convicted him of two counts of robbery, burglary, two counts of aggravated assault, possession of an instrument of crime, criminal trespass, two counts of terroristic threats, and two counts of unlawful restraint. That same date, Judge Berry sentenced [Appellant] to an aggregate term of incarceration of 18 to 36 years[' incarceration]. [Appellant] filed … [an] appeal, which the Superior Court dismissed on May 19, 2005, based on the failure to file a brief. (No. 3343 EDA 2003).

On September 17, 2007, [Appellant] filed an untimely counseled petition pursuant to the … PCRA …. [Appellant] contended that prior counsel provided him with ineffective assistance of counsel for failing to file appellate briefs and requested that his appellate rights be reinstated; [Appellant] thereafter filed on October 11, 2007, a supplemental petition asserting that the late filing of his PCRA should be excused because prior counsel abandoned him by failing to preserve or move to reinstate his appellate rights. On May 28, 2009, Judge Berry dismissed the petition after finding that the petition and supplement had been untimely filed. [Appellant] appealed to the Superior Court, which affirmed the order dismissing the PCRA petition on November 15, 2010 (No. 1745 EDA 2009). [Appellant]

thereafter filed a petition for allowance of appeal that was denied by the Pennsylvania Supreme Court on May 12, 2011. (696 EAL 2010).

On December 29, 2014, [Appellant] filed a second PCRA petition, which [was] docketed at CP-51-CR-070141-2001 and CP-51-CR:0710701-2001, wherein he accused Judge Berry of judicial misconduct during his trial. This Court, which was administratively assigned to decide the matter because Judge Berry was no longer a judge, dismissed that petition on September 3, 2015, because it had been untimely filed. [Appellant] did not file an appeal.

On July 14, 2016, [Appellant] filed his third PCRA petition. In it he contended that the mandatory minimum sentence imposed upon him was illegal based on the decision handed down by the United States Supreme Court in *Alleyne v. United States*, 570 U.S. 99 (2013). On January 16, 2018, this [c]ourt issued an order dismissing the petition on timeliness grounds. [Appellant] thereafter filed a timely notice of appeal.

PCRA Court Opinion (PCO), 2/26/18, at 1-3 (one footnote omitted).

We observe that Appellant filed a single, *pro se* notice of appeal listing only one docket number - CP-51-CR-0511231-2001 - the case in which he was convicted of involuntary deviate sexual intercourse, burglary, robbery, and possessing an instrument of crime. Therefore, despite that the cover sheet of his appellate brief lists the docket numbers of all four of the cases discussed above, our jurisdiction is limited to his case at docket number CP-51-CR-0511231-2001. *See Commonwealth v. Hardy*, 99 A.3d 577, 579 (Pa. Super. 2014) (concluding that we only had jurisdiction to review the sentence imposed at the docket number listed on the notice of appeal) (citing, *inter alia*, *Commonwealth v. Tuck*, 469 A.2d 644, 646 n.1 (Pa. Super. 1983) (limiting consideration of the claim on appeal to only that bill of information listed in the notice of appeal)).

- 3 -

In Appellant's *pro se* brief, he raises two questions for our review, which we reproduce verbatim:

    A. Is the Court of Common Pleas, and the Superior Court wrong in their decision to deny the defendant ineffective assistance of counsel for abandoning petitioner?

    B. Is the defendant's sentence illegal as it stands?

Appellant's Brief at 4.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the

Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, at the time Appellant's petition was filed, section 9545(b)(2) required that any petition attempting to invoke one of these exceptions "be filed within sixty days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[1]

Here, Appellant's judgment of sentence became final in 2003, after this Court dismissed his direct appeal based on his failure to file a brief. Thus, Appellant's present petition, filed in July of 2016, is clearly untimely, and Appellant must plead and prove the applicability of one of the above-stated exceptions.

Appellant first argues that the attorney he retained to represent him on appeal from his judgment of sentence acted ineffectively by not filing a brief on his behalf. Appellant correctly notes that in *Bennett*, our Supreme Court held that such abandonment by counsel can satisfy the newly-discovered fact exception of section 9545(b)(1)(ii). However, Appellant previously litigated

---

[1] A recent amendment to section 9545(b)(2), which became effective on December 24, 2018, changed the language to require that a petition "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

- 5 -

this exact same *Bennett* claim in his first PCRA petition filed in 2007. That petition was denied, and we affirmed on appeal, concluding that Appellant had not acted with due diligence in learning the 'new fact' of his counsel's abandonment. *See Commonwealth v. Rosario*, No. 1745 EDA 2009, unpublished memorandum at 8-9 (Pa. Super. filed Nov. 15, 2010). Our Supreme Court denied Appellant's subsequent petition for allowance of appeal from our decision. Thus, because Appellant's claim that he meets the newly-discovered fact exception of section 9545(b)(1)(ii) has been previously litigated and rejected, he is not entitled to relief herein.

Appellant next argues that he is serving a sentence rendered illegal by *Alleyne*, in which the United States Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt. *Alleyne*, 133 S.Ct. at 2163. However, before we can review the legality of Appellant's sentence, he must first satisfy a timeliness exception to invoke this Court's jurisdiction. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999). Appellant fails to meet this burden. First, he does not attempt to plead or prove that any timeliness exception applies to his legality of sentencing claim. Second, *Alleyne*-based claims cannot meet the new constitutional rule exception of section 9545(b)(1)(iii), which requires the petitioner to "prove that there is a 'new' constitutional right and that the right 'has been held' by that court to apply retroactively." *Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 501 (Pa. 2002). Our Supreme Court has expressly declared "that *Alleyne* does

**not** apply retroactively to cases pending on collateral review….”
**Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016) (emphasis added). Thus, we are without jurisdiction to review Appellant's illegal sentencing claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/3/19