J-S46021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAROD T. GRAHAM | : | |
| | : | |
| Appellant | : | No. 185 EDA 2019 |

Appeal from the PCRA Order Entered November 27, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003430-2011

BEFORE:   PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                **FILED OCTOBER 07, 2019**

Appellant, Sharod T. Graham, appeals *pro se* from the order entered on November 27, 2018, which dismissed his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court ably summarized the procedural history of this case. We quote, in part, from the PCRA court's opinion:

> Appellant [] was charged, *inter alia*, with murder, generally, attempted sexual assault, attempted rape, and related crimes [at docket number CP-51-CR-0007197-2010 (hereinafter "Docket Number 7197-2010"), for his crimes against victim E.M.,] and aggravated assault, rape, and sexual assault [at docket number CP-51-CR-0003430-2011 (hereinafter "Docket Number 3430-2011"), for his crimes against victim L.F.]. . . .
>
> Following the joinder of these separate sets of charges for purposes of trial . . . [Appellant] was tried by [the court,]

_____

[*] Retired Senior Judge assigned to the Superior Court.

sitting without a jury[, in May 2012]. On May 9, 2012, [the trial court] found [Appellant] guilty of first-degree murder[,] attempted rape, and attempted sexual assault [at Docket Number 7197-2010] and aggravated assault, rape[,] and sexual assault [at Docket Number 3430-2011]. That same day, [the trial court] sentenced [Appellant] to life [in prison] without parole on the first-degree murder charge and ten to [20] years' incarceration for each charge of attempted rape and sexual assault of Ms. Merritt [at Docket Number 7197-2010]. Concerning the charges relating to [L.F. at Docket Number 3430-2011, the trial court] sentenced [Appellant] to ten to [20] years' incarceration for aggravated assault, ten to [20 years' incarceration] for the charge of rape, and ten to [20 years' incarceration] for the charge of sexual assault. All sentences were ordered to run concurrently to one another. . . .

On October 21, 2013[,] the Superior Court affirmed the judgment of sentence. Appellant thereafter filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on June 2, 2014. [**Commonwealth v. Graham**, 87 A.3d 888 (Pa. Super. 2013) (unpublished memorandum) at 1-8, *appeal denied*, 93 A.3d 462 (Pa. 2014).]

PCRA Court Opinion, 4/3/19, at 1-3 (some citations omitted).

On April 3, 2015, Appellant filed a timely, *pro se* PCRA petition, which listed both docket numbers on the petition.[1] **See** Appellant's *Pro Se* PCRA Petition, 4/3/15, at 1-20. The PCRA court appointed counsel to represent Appellant during the proceedings. However, on July 19, 2018, appointed counsel filed a no-merit letter and a request to withdraw as counsel, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). After

---

[1] On March 16, 2016 and November 17, 2017, Appellant filed amended *pro se* PCRA petitions and Appellant listed both docket numbers on each petition.

reviewing counsel's no-merit letter, the PCRA court issued Appellant notice, pursuant to Pennsylvania Rule of Criminal Procedure 907, that it intended to dismiss Appellant's petition in 20 days, without holding a hearing. PCRA Court Order, 9/18/18, at 1–2; PCRA Court Order, 10/31/18, at 1-2.  Appellant did not respond to the PCRA court's Rule 907 notice and, on November 27, 2018, the PCRA court granted counsel's petition to withdraw and finally dismissed Appellant's petition.  PCRA Court Order, 11/27/18, at 1; *see also* PCRA Court Order, 11/29/18, at 1 (again dismissing Appellant's PCRA petition).

The PCRA court's final dismissal notice at Docket Number 3430-2011 only listed the single docket number on the order.  *See* PCRA Court Order, 11/27/18, at 1; *see also* PCRA Court Order, 11/29/18, at 1.  Appellant then filed a notice of appeal at Docket Number 3430-2011, listing only Docket Number 3430-2011 on the notice.  Appellant's *Pro Se* Notice of Appeal, 12/18/18, at 1.  Appellant did not file a separate notice of appeal at Docket Number 7197-2010.[2]

---

[2] In **Commonwealth v. Walker**, our Supreme Court confronted a situation where a litigant filed a single notice of appeal from an order that resolved issues relating to four different docket numbers and, on that notice of appeal, the litigant listed all four docket numbers.  **See Commonwealth v. Walker**, 185 A.3d 969, 974 (Pa. 2018).  The **Walker** Court held:  "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal."  **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018).

In the case at bar, we do not have a **Walker** problem because Appellant filed a notice of appeal only at Docket Number 3430-2011 and Appellant only listed Docket Number 3430-2011 on his notice of appeal.  Therefore, unlike **Walker**

Appellant raises four claims in his brief, all of which relate to his first-degree murder conviction at Docket Number 7197-2010. He claims:

1. Was the Commonwealth in error for not officially charging Appellant and jury/court with voluntary manslaughter, although Appellant [pleaded] guilty to only voluntary manslaughter and failed to produce actual evidence that he committed the offense after premeditating his doing so to substantiate first-degree murder, which the physical evidence of the victim's DNA and [witness'] testimony proves Appellant was committing an offense during a time after when such an act would have been based upon a decision at that particular point of time and not before?

2. Was the Commonwealth in error to admit that "Defendant" had not preserved a "weight of the evidence" challenge in a post-sentence motion, to challenge an unlawful conviction of first-degree murder, which only counsel is actually responsible for not doing, to justify its not complying to Pennsylvania Supreme Court decisions governing the Commonwealth's responsibility to properly charge [Appellant] with the lesser offense as trial counsel should have pursued prior to trial; but yet proclaim the merit thereof in a PCRA lacks merit due to other accusations of evidence; that does not fulfill its mandatory responsibilities, to charge Appellant according to Supreme Court decisions, when it admits that an offense of first-degree murder must be an act "premeditated" before committing the act; but fails to prove Appellant premeditated his doing so prior to actually doing so?

[3.] Was PCRA counsel in error to claim that Appellant's PCRA lacked merit, to challenge the Commonwealth's information lacking Appellant's being officially be charged with voluntary

_____

– where the litigant attempted to challenge an order at multiple separate docket numbers by filing only one notice of appeal – here, Appellant seeks only to challenge the dismissal order at one docket number:  Docket Number 3430-2011.  Thus, *Walker* does not apply and we will not quash this appeal.

manslaughter as is required by the Supreme Court for homicide cases?

[4.] Was the trial court in error for denying Appellant's PCRA challenging the Commonwealth's information not charging Appellant with voluntary manslaughter, when Appellant had [pleaded] guilty to a lesser offense, and knew the Commonwealth had not introduced evidence Appellant premeditated committing the offense?

Appellant's Brief at 7 (some capitalization omitted).

Before we may consider Appellant's issues on appeal, we must first determine whether we have jurisdiction to consider the claims. **See Commonwealth v. Gentry**, 101 A.3d 813, 816 (Pa. Super. 2014) ("[the Superior Court] may raise issues concerning jurisdiction *sua sponte*").

In **Commonwealth v. Hardy**, the defendant was convicted of crimes at two separate docket numbers. **Commonwealth v. Hardy**, 99 A.3d 577, 578-579 (Pa. Super. 2014). He then filed one notice of appeal and, on that notice of appeal, the defendant listed only one of the two docket numbers. **Id.** We held that our appellate jurisdiction was limited to reviewing the judgment of sentence at the single docket number that the defendant listed on his notice of appeal – and that we did not have jurisdiction to review any claim related to the judgment of sentence at the other docket number. **Id.**

Here, all of Appellant's claims on appeal challenge his first-degree murder conviction at Docket Number 7197-2010. Appellant, however, did not file a notice of appeal at Docket Number 7197-2010. Therefore, we do not have jurisdiction to consider any of the claims Appellant raises on appeal.

Appellant's "Motion for Appointment of Counsel and Oral Argument" denied. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/7/19