J-S12044-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　:　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　　:　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　　:
　　　　　　　v.　　　　　　　　　:
　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　:
JOSHUA GUTIERREZ　　　　　　　　:
　　　　　　　　　　　　　　　　　:
　　　　　　　Appellant　　　　　　:　No. 541 EDA 2023

Appeal from the PCRA Order Entered January 5, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0007712-2014

BEFORE:　DUBOW, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:　　　　　　　**FILED MAY 21, 2024**

Joshua Gutierrez (Appellant) appeals *pro se* from the order dismissing his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546.　We affirm.

On February 20, 2014, the Commonwealth arrested Appellant and charged him with murder, involuntary manslaughter, and endangering the welfare of a child (EWOC).[1]　On June 8, 2015, Appellant entered into a negotiated guilty plea, "with an agreed[-upon] sentence of twenty to forty years' incarceration" for third-degree murder, "and a concurrent five to ten years in prison" for EWOC.[2]　PCRA Court Opinion (PCO), 10/4/23, at 1.　The

---

[1] 18 Pa.C.S. §§ 2502, 2504, and 4304, respectively.

[2] The involuntary manslaughter charge was *nolle prossed*.

trial court sentenced Appellant the same day, "in accordance with the agreement." ***Id.***

Appellant did not seek to withdraw his plea or file a direct appeal. Nearly a year later, on May 24, 2016, Appellant filed an untimely and unsuccessful motion for reconsideration. On June 6, 2016, Appellant timely filed the underlying *pro se* PCRA petition. The PCRA court explained the ensuing procedural history:

> Counsel was appointed[, and] filed an amended petition on April 1, 2019, and a supplemental petition on January 29, 2020. It was determined that the maximum sentence for [EWOC] was three and one-half to seven years' incarceration[,] and accordingly, on November 13, 2020, with the agreement of the Commonwealth, the illegal sentence was vacated, and [Appellant was] resentenced on the [EWOC] charge to three and one-half to seven years…. Therefore, Appellant's aggregate sentence in this matter was twenty to forty years' incarceration. Counsel asked to withdraw, which was granted, and new counsel [was] appointed, who after reviewing the matter, filed a [***Commonwealth v.***] ***Finley***, [550 A.2d 213 (Pa. Super. 1988),] no-merit letter on August 18, 2021, as to any other potential issues, other than the illegal sentence for [EWOC]. After an independent investigation, the court sent a Notice of Intent to Dismiss pursuant to Pennsylvania Rule of Criminal Procedure 907 to [Appellant] and all counsel on October 15, 2021. [Appellant] requested additional time to respond to the 907 notice[,] which was granted[,] and following [Appellant's] response and after another independent review, the [] PCRA petition was dismissed on January 18, 2022. Counsel was permitted to withdraw, the prior dismissal order [was] withdrawn, and new counsel [was] appointed. That attorney petitioned to withdraw, which was granted, [and] a new 907 notice was entered on [December 2, 2022. The PCRA court dismissed Appellant's PCRA petition on] January 5, 2023. Appellant filed a letter requesting reconsideration of the dismissal, which was denied on January 27, 2023, and a timely, *pro se* notice of appeal was presented to the Superior Court. On February 27th, an order pursuant to Pa.R.A.P. 1925(b) was entered, and upon requests

from [Appellant], two extensions of time in which to file his statement of matters complained of on appeal [were] granted.

*Id.* at 2-3 (footnote omitted).

Appellant filed his Pa.R.A.P. 1925(b) statement on August 29, 2023. As indicated above, the PCRA court issued an opinion on October 5, 2023.

*Timeliness of Appeal*

At the outset, we address this Court's rule to show cause, which directed Appellant to explain why "this appeal should not be quashed as untimely filed on February 10, 2023, from the January 5, 2023 PCRA order." Order, 9/5/23. Appellant had 30 days to appeal. Pa.R.A.P. 903(a) ("[T]he notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken."). As the thirtieth day was Saturday, February 4, 2023, the appeal had to be filed by Monday, February 6, 2023. 1 Pa.C.S. § 1908 (excluding weekend days and legal holidays from the computation of time when the last day of the appeal period falls on a weekend or legal holiday).

In his response, Appellant referenced the prisoner mailbox rule. Pa.R.A.P. 121(f) ("A *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence."). Appellant stated that on February 3, 2023, he placed his notice of appeal "in the mail box after the mail was taken on that day, which means it wo[uld]n't be collected until Monday the 6th[,] and wo[uld]n't leave the prison until the 7th." Response to Rule to Show Cause,

- 3 -

9/18/23 (single page). Appellant provided "a copy of the postage slip … which is dated 2/3/23, which was a Friday." *Id.* On October 5, 2023, this Court discharged the rule to show cause and deferred the timeliness issue to this panel.

The record is somewhat confusing. The docket contains a February 10, 2023 entry stating, "Notice of Appeal to the Superior Court." The notice of appeal is stamped "Received February 10, 2023, Office of Judicial Records, Appeals/Post Trial." However, included with the notice of appeal are a letter and an envelope. The envelope has a February 13, 2023 postmark, and is addressed from Appellant to this Court's Eastern District Prothonotary. The letter was sent from the Superior Court to the Philadelphia Court of Common Pleas on February 16, 2023. The letter states, "Returned herein is the notice of appeal received in the [Superior Court] Prothonotary's Office. … The Notice of Appeal was incorrectly submitted by Appellant directly to this Court, **rather than to the trial court for filing**." Letter, 2/16/23 (one page) (emphasis added).

The confusion about filing notwithstanding, we find the appeal to be timely because the record does not show proper service of the PCRA court's order. *See* Pa.R.Crim.P. 114(B)(1), (C)(2)(c) (requiring trial court to serve copies of the order "on each party's attorney, or the party if unrepresented," and record the date of service on the docket). "Where the trial court docket in a criminal case does not indicate service on a party or the date of service, we will not quash the appeal or require further proceedings. Rather, we will

- 4 -

treat the time in which to take an appeal as never having started to run and treat the appeal as timely." **Commonwealth v. Midgley**, 289 A.3d 1111, 1117 (Pa. Super. 2023). Thus, we consider Appellant's issues.

Appellant presents the following questions:

I.     Whether counsel was ineffective when he advised Appellant to accept the plea deal instead of proceeding to trial[?]

II.    Whether the PCRA court erred when it did not address the newly discovered evidence with regard to [counsel's] letter informing [Appellant] of the total sentence of 20 to 40 years he would receive if he ple[d] guilty[?]

Appellant's Brief at 3.

Our review is "limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Sandusky**, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Wah**, 42 A.3d 335, 338 (Pa. Super. 2012). "It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." **Commonwealth v. Stansbury**, 219 A.3d 157, 161 (Pa. Super. 2019) (citation omitted).

1. Effectiveness of Plea Counsel

Appellant asserts that his counsel improperly induced his guilty plea. Appellant states:

[C]ounsels' discussions with [Appellant] to enter a guilty plea w[ere] unsound legal advi[c]e regarding how [Appellant] was to interact with the sentencing judge as part of the plea in order for

- 5 -

the [C]ommonwealth to honor their promise for [Appellant's] guilty plea. [Appellant] repeatedly ask[ed] counsel to proceed with a jury trial. But counsel promised Appellant that if he would plead guilty and interact with the Judge/Court as he instructed, the Commonwealth agreed to a total sentence of twenty (20) to forty (40) years.

Appellant's Brief at 8. Appellant also argues counsel "failed to advise Appellant there was a risk that the court could impose consecutive sentences, [and] Appellant would have never agreed to a consecutive sentence[.]" *Id.* at 9.

As discussed above, Appellant received an aggregate sentence of 20 to 40 years of incarceration with no consecutive sentences. Consequently, it appears Appellant is challenging his plea to third-degree murder and EWOC relative to other sentences he received for different charges at different dockets. The PCRA court noted that Appellant "pled guilty to a various number of open cases that he had at the time, as he had a total of five cases. … [Appellant] **was sentenced in accordance with the agreement to twenty to forty years' incarceration on this docket**." PCO at 1 (emphasis added).

The Commonwealth correctly states that "to the extent [Appellant's] claims relate to sentences under docket numbers for which no notice of appeal was filed, those arguments are not properly before this Court." Commonwealth's Brief at 6 (citing **Commonwealth v. Hardy**, 99 A.3d 577 (Pa. Super. 2014) (collecting cases and holding that this Court lacked jurisdiction at a docket number not contained in the notice of appeal)). "Significantly, this Court lacks jurisdiction to review the propriety of convictions or sentences imposed at docket numbers other than those

challenged in the notice of appeal." ***Commonwealth v. Young***, 246 A.3d 887, 889 (Pa. Super. 2021) (citing ***Hardy***, ***supra***). Accordingly, Appellant's first issue lacks merit.

In his second issue, Appellant repeats his claim that "counsel did [not] inform Appellant of the total sentence he would receive if he accepted the plea deal." Appellant's Brief at 13. Appellant references a letter he received from counsel in 2015. He states:

> Appellant characterizes this evidence as "newly discovered" because he forgot that he had a copy of a letter from his attorney David Rudenstein[,] dated April 22, 20[15]. Appellant had misplaced or lost the original and forgot that he sent a copy of the same to his mother.

> Then[,] **in August of 2023**, Appellant received a letter from his mother along with [a copy of] the [2015] letter from Attorney Rudenstein, collectively [Exhibit (A)].

***Id.*** (emphasis added). Appellant criticizes the PCRA court for "not mentioning one single word about his letter … when Appellant clearly raised this issue in his Statement of Matters Complained of on Appeal." ***Id.*** at 14. This issue is unavailing.

> As the Commonwealth observes:

> The PCRA court dismissed [Appellant's] petition on January 5, 2023. Therefore, the letter [Appellant] discovered in August of 2023 was never properly before the PCRA court. ***See*** Pa.R.A.P. 302(a) ("[I]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal[.]").

> Additionally, because this matter is on appeal, the [PCRA] court had no authority to review and address the letter, as [Appellant] requested. ***See*** Pa.R.A.P. 1701(a) ("[A]fter an appeal is taken or review of a quasi-judicial order is sought, the trial court or other government unit may no longer proceed further in the matter[.]").

Commonwealth's Brief at 12.

Consistent with the foregoing, we agree there is no merit to Appellant's second issue.[3]

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/21/2024

---

[3] If we were to review Appellant's claim of counsel's ineffectiveness at the underlying docket, we would discern no error concerning Appellant's guilty plea for the reasons set forth by the PCRA court. **See** PCO at 1-18 (PCRA court's detailing the factual and legal basis for finding that counsel was not ineffective and Appellant entered a valid and knowing plea to third-degree murder and EWOC).