**Dr. Jeffrey YABLON and Dr. Vincent Ferrara, Petitioners**

v.

**BUREAU OF WORKERS' COMPEN-SATION FEE REVIEW HEARING OFFICE (PMA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 25, 2011.

Decided April 21, 2011.

Patrick M. Donan, Philadelphia, for petitioners.

Carol L. Cingranelli, Camp Hill, for respondent PMA Companies.

BEFORE: PELLEGRINI, Judge, and LEAVITT, Judge, and KELLEY, Senior Judge.

OPINION BY Judge PELLEGRINI.

Jeffrey Yablon, M.D. and Vincent Ferrara, M.D. (collectively, Providers) appeal the Bureau of Workers' Compensation Fee Review Hearing Office's (Hearing Officer) determination that PMA (Insurer), a workers' compensation insurer, did not lose the right to "downcode" charges because more than 30 days had passed after their bill had been submitted. For the reasons that follow, we affirm.

This case stems from vertebral axial decompression (VAX–D) treatment provided by Providers to two workers' compensation claimants. Both Providers billed the VAX–D treatment using CPT code 97799,[1] which is an unlisted code only to be used if there is no physical medicine code describing the service performed. Insurer downcoded both bills to CPT code 97012, mechanical traction, resulting in a smaller fee paid by Insurer to Providers. Insurer did not notify Providers of its intent to downcode the bills until after 30 days from the submission of the bills had passed.[2]

■ Providers contested both the downcoding and timeliness of the downcoding to

---

1. Medical billing under the Workers' Compensation Act (Act), Act of June 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, 2501–2708, follows the HCPCS–HCFA Common Procedure Coding System (CPT), which is defined as "[t]he procedure codes and associated nomenclature consisting of numeric CPT4 codes, and alpha-numeric codes, as developed both Nationally by [the Health Care Financ-

ing Administration] and on a Statewide basis by local Medicare carriers." 34 Pa.Code § 127.3.

2. Section 306(f.1)(5) of the Act, 77 P.S. § 531(5), provides, in relevant part, "All payments to providers for treatment provided pursuant to this act shall be made within

the Bureau of Worker's Compensation, and the matter was assigned to a hearing officer. As to the timeliness, Providers contended that once 30 days had passed for payment, Insurer was barred from downcoding and was required to pay Providers the full amount billed. The hearing officer found that Insurer had correctly downcoded the bills from CPR code 97799 to 97012, and that the violation of the 30–day limitation resulted in interest payments to Providers, not a bar to Insurer's ability to downcode. This appeal followed.[3]

■ On appeal, Providers only contest the issue of whether the downcoding was timely. They contend that the 30–day limitation found in Section 306(f.1)(5) of the Act and its implementing regulation, 34 Pa.Code § 127.208(d), which gives the pro-

vider the opportunity to discuss the proposed changes but does not extend the time for payment, acts as an absolute bar to Insurer's ability to downcode after 30 days of the submission of the bill. Because Insurer did not start the procedures set forth in Section 127.207(a)-(c)[4] within 30 days, Providers argue then that 34 Pa. Code §§ 127.207(d) and 127.254(b)[5] require Insurer to pay the full amount of the fee billed based on the original code submitted by Providers. In effect, what Providers are suggesting is that within 30 days, an insurer must pay the amount billed or notify the provider that it intends to downcode and, if it does not, it is required to pay the bill as submitted.

Section 127.207, however, only provides penalties when the procedures regarding downcoding are not followed; it does not

---

thirty (30) days of receipt of such bills and records ..."

> The corresponding regulation, 34 Pa.Code § 127.208(d) provides:
> > If an insurer proposes to change a provider's codes, the time required to give the provider the opportunity to discuss the proposed changes may not lengthen the 30–day period in which payment shall be made to the provider.

3. Our scope of review is limited to determining whether there has been a violation of constitutional rights or errors of law committed and whether necessary findings of fact are supported by substantial evidence. *Nationwide Mutual Fire Insurance Company v. Bureau of Workers' Compensation Fee Review Hearing Office*, 981 A.2d 366 (Pa.Cmwlth. 2009).

4. Section 127.207(a)-(c) provides:
> (a) Changes to a provider's codes by an insurer may be made if the following conditions are met:
> (1) The provider has been notified in writing of the proposed changes and the reasons in support of the changes.
> (2) The provider has been given an opportunity to discuss the proposed changes and support the original coding decisions.

> (3) The insurer has sufficient information to make the changes.
> (4) The changes are consistent with Medicare guidelines, the act and this subchapter.
> (b) For purposes of subsection (a)(1) the provider shall be given 10 days to respond to the notice of the proposed changes, and the insurer must have written evidence of the date notice was sent to the provider.
> (c) Whenever changes to a provider's billing codes are made, the insurer shall state the reasons why the provider's original codes were changed in the explanation of benefits required by § 127.209 (relating to explanation of benefits paid).

5. Section 127.207(d) provides:
> If an insurer changes a provider's code without strict compliance with subsections (a)-(c), the Bureau will resolve an application for fee review filed under § 127.252 (relating to application for fee review—filing and service) in favor of the provider under § 127.254 (relating to downcoding disputes).
> Section 127.254(b) provides, "If an insurer has not complied with § 127.207 (relating to downcoding by insurers) the Bureau will resolve downcoding disputes in favor of the provider."

provide for any penalty for failure to institute the procedure within 30 days. Section 127.208(d) provides that if an insurer proposes to change the provider's codes, the time required to give the provider the opportunity to discuss the proposed changes does not lengthen the 30–day period in which payment is to made to the provider. The penalty provided for failing to institute the procedure within 30 days is set forth in Section 127.210, 34 Pa.Code § 127.210, entitled "Interest on untimely payments," which provides the procedure for non-compliance with the 30–day time limitation contained two sections earlier in Section 127.208(d). It provides:

> (a) If an insurer fails to pay the entire bill [subsection (b) has the same effect on bills partially not paid] within 30 days of receipt of the required bills and medical reports, interest shall accrue on the due and unpaid balance at 10% per annum under section 406.1(a) of the act (77 P.S. § 717.1).

In effect, the penalty for failing to institute the procedure for downcoding the bill is the same as not paying a bill at all—interest on the unpaid balance at 10%.

Because this is exactly the remedy ordered by the hearing officer, his decision is affirmed.

### ORDER

AND NOW, this 21st day of April, 2011, the order of the Bureau of Workers' Compensation Fee Review Hearing Office, dated September 23, 2010, is affirmed.