J-S48026-20

2021 PA Super 22

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| STUART YOUNG | : | |
| | : | |
| Appellant | : | No. 3016 EDA 2019 |

Appeal from the PCRA Order Entered October 21, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-1012201-1975

BEFORE:  KUNSELMAN, J., KING, J., and McCAFFERY, J.

OPINION BY KING, J.:                    **FILED:  FEBRUARY 19, 2021**

Appellant, Stuart Young, appeals from the order entered in the Philadelphia County Court of Common Pleas, which dismissed as untimely his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On February 23, 1976, Appellant entered an open guilty plea to third-degree murder and conspiracy.  The court sentenced Appellant on April 21, 1976, to an aggregate term of one (1) to twenty (20) years' imprisonment.  Appellant was paroled after serving approximately two and one-half (2½) years of his sentence, and he absconded to Kentucky.  In 1981, Appellant was convicted of rape and sodomy in Kentucky.  Appellant's sex offenses carried a lifetime reporting requirement under Kentucky law.  Appellant served his full sentence

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

for the crimes in Kentucky, and was then transferred to Pennsylvania to serve the balance of his sentence for the murder and conspiracy convictions. In or around early 2018, Appellant was paroled in Pennsylvania. Upon his parole,[2] Appellant was informed he was subject to Pennsylvania's sex offender registration requirements as a result of his convictions in Kentucky.

On September 14, 2017, Appellant filed a *pro se* PCRA petition. The court appointed counsel, who filed an amended petition on April 15, 2019. In his petitions, Appellant challenged his sex offender reporting obligations. The Commonwealth filed a motion to dismiss the petition as untimely on August 21, 2019. On September 17, 2019, the court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907. Appellant did not respond, and the court dismissed his petition as untimely on October 21, 2019. Appellant timely filed a notice of appeal the next day. The court did not order, and Appellant did not file, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises two issues for our review:

> Did the PCRA court err in denying relief where the [c]ourt concluded that [Appellant]'s PCRA petition was untimely?
>
> Assuming [Appellant]'s petition is deemed timely, is he exempt from [sex offender reporting] requirements attached to his Kentucky sentence but enforced in Pennsylvania?

---

[2] The record indicates that Appellant will finish serving his Pennsylvania sentence in October 2028.

- 2 -

(Appellant's Brief at 6).[3]

Appellant initially concedes that his current PCRA petition is facially untimely. Appellant asserts that he met the "new constitutional right" exception to the PCRA's time-bar, relying on **Commonwealth v. Muniz**, 640 Pa. 699, 164 A.3d 1189 (2017), *cert. denied*, ___ U.S. ___, 138 S.Ct. 925, 200 L.Ed.2d 213 (2018). Appellant claims that under **Muniz**, application of any of Pennsylvania's sex offender statutes to Appellant violates *ex post facto* principles, where Appellant committed his sex crimes in Kentucky in 1981, before those statutes were in effect. Appellant maintains **Muniz** applies retroactively and entitles him to relief.

Appellant further acknowledges that his sex offender reporting obligations do not attach to his Pennsylvania convictions for murder and conspiracy, but to his Kentucky sex crimes. Appellant insists, however, that Pennsylvania still has "jurisdiction to amend its intrastate sex offender registration requirements that were imposed out of state," relying on **Jackson v. Commonwealth of Pennsylvania**, 143 A.3d 468 (Pa.Cmwlth. 2016). (**See** Appellant's Brief at 11). Appellant concludes he should not be subject to sex offender reporting requirements, and this Court must reverse the order

---

[3] Although Appellant raises two issues in his statement of questions presented, he presents only one argument section in his brief, in violation of our rules of appellate procedure. **See** Pa.R.A.P. 2119(a) (directing that argument shall be divided into as many parts as there are questions to be argued).

dismissing his petition as untimely and quash his sex offender reporting requirements. For the following reasons, we cannot grant Appellant's requested relief.

As a preliminary matter, we must consider whether we have jurisdiction to consider Appellant's claims. *See Commonwealth v. Beatty*, 207 A.3d 957 (Pa.Super. 2019), *appeal denied*, ___ Pa. ___, 218 A.3d 850 (2019) (explaining that whether court has subject matter jurisdiction is question of law and may be raised by any party or by court *sua sponte*). Significantly, this Court lacks jurisdiction to review the propriety of convictions or sentences imposed at docket numbers other than those challenged in the notice of appeal. *See Commonwealth v. Hardy*, 99 A.3d 577 (Pa.Super. 2014) (collecting cases and holding that this Court lacked jurisdiction to review sentence imposed at one docket number where notice of appeal referenced different docket number).

Instantly, Appellant's current appeal arises from the docket number associated with his murder and conspiracy convictions in Pennsylvania. Nevertheless, in this appeal, Appellant seeks to challenge the sex offender registration requirements that arise from a foreign judgment of sentence in Kentucky. As these sex offender registration requirements are entirely separate from Appellant's murder or conspiracy convictions or sentences, we lack jurisdiction to review them in this appeal. *See Hardy, supra*.

Further, Appellant's reliance on *Jackson, supra* is misplaced. In

***Jackson***, the petitioner filed a petition for review in the Commonwealth Court, requesting removal of his name from the sex offender registry. The petitioner originally had been subject to reporting requirements due to sex offenses he committed in Texas. When the petitioner later moved to Pennsylvania, he was obligated to register in Pennsylvania as a result of his Texas sex offenses. The petitioner filed an application for summary relief (in connection with his petition for review) claiming, *inter alia*, he was entitled to credit for the years he registered as a sex offender out-of-state prior to moving to Pennsylvania. The Commonwealth Court granted the petitioner relief, holding that the decision of the Pennsylvania State Police ("PSP") "not to credit [the petitioner] for the approximately six years he spent registering out-of-state is arbitrary and not reasonably related to the object of the Commonwealth's sex offender legislation; therefore, the PSP's application of the law violates the Equal Protection Clause of the United States Constitution." ***Id.*** at 476. Notably, ***Jackson*** did not concern an appeal from a Pennsylvania docket number unrelated to the sex offender reporting requirements challenged on appeal.

Nevertheless, to the extent Appellant might have a valid *ex post facto* claim, he can file a petition for review in the Commonwealth Court or pursue another appropriate form of relief. ***See, e.g., Taylor v. Pennsylvania State Police***, 132 A.3d 590 (Pa.Cmwlth. 2016) (*en banc*) (considering appellant's "petition for review" challenging sex offender registration requirements); ***Jackson, supra***. ***See also Commonwealth v. Lacombe***, ___ Pa. ___, 234

A.3d 602 (2020) (holding that there is not one exclusive avenue in which to challenge sex offender registration requirements). Based upon the foregoing, we affirm the order dismissing Appellant's PCRA petition.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/21

---

[4] *See Commonwealth v. Kunco*, 173 A.3d 817 (Pa.Super. 2017) (stating this Court can affirm PCRA court's decision if there is any basis to support it, even if Court relies on different grounds to affirm).