J-A10029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER L. HENNEGHAN | : | |
| | : | |
| Appellant | : | No. 1218 EDA 2019 |

Appeal from the Order Entered March 18, 2019
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0007376-2017

BEFORE: BOWES, J., SHOGAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SHOGAN, J.: **FILED: MARCH 22, 2021**

Appellant, Christopher L. Henneghan, appeals from the order entered March 18, 2019, denying a petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, challenging the constitutionality of the Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.10-9799.42. We vacate the order and remand for further proceedings.

The trial court set forth the pertinent procedural history of this case as follows:

> Pending before this [c]ourt are the consolidated motions filed by seven defendants who have challenged the imposition of the provisions of Subchapter H of the revised Sexual Offender Registration and Notification Act ("SORNA"), codified in 42 Pa.C.S. §§ 9799.10, *et seq*., effective June 12, 2018, that require them to

_____

[*] Retired Senior Judge assigned to the Superior Court.

submit to an assessment and hearing to determine whether they should be classified as a sexually violent predator ("SVP") and register as such. [Appellant] contend[s] that the recent revisions to SORNA that were enacted pursuant to the Act of June 12, 2018, P.L. 1952, No. 29 ("Act 29") by the Pennsylvania General Assembly in response to the decisions by the Supreme Court of Pennsylvania in Commonwealth v. Muniz, 164 A.3d 1189, 1196-98, 1201-04 ([Pa.] 2017), *cert, denied sub nom*. Pennsylvania v. Muniz, 138 S.Ct. 925 (2018), and the Superior Court of Pennsylvania in Commonwealth v. Butler, 173 A.3d 1212 (Pa. Super. 2017), *appeal granted*, 47 WAL 2018 (Pa. July 31, 2018), did not cure the constitutional infirmities of the registration requirements of 42 Pa.C.S.A. § 9799.24 that were determined by the Courts to exist in those cases. According to [Appellant], the current version of SORNA, enacted pursuant to Act 29, still violates the United States and Pennsylvania Constitutions, and therefore [he] should be relieved of compliance with those assessment and registration requirements.

Due to the similarity and repetitive nature of the challenges to the legality of SORNA filed by … seven [d]efendants, and in an effort to avoid duplicative proceedings and possibly inconsistent adjudications of issue[s], President Judge Jeffrey L. Finley granted the Commonwealth's request, which was joined by defense counsel, to consolidate these matters. Judge Finley thereafter issued an Order on August 17, 2018, directing that all appropriate motions challenging SORNA were to be filed by August 31, 2018, and all supporting legal memoranda were to be filed on or before September 10, 2018. In addition, an *en banc* hearing, was scheduled for September 17, 2018.

\* \* \*

The following is a brief procedural background [of the above-captioned matter:]

\* \* \*

Commonwealth v. Christopher L. Henneghan
No. CP-09-CR,O007376-2017

On April 16, 2018, [Appellant] pleaded guilty to one (1) count of Rape Forcible Compulsion,[30] one (1) count of Rape Threat of Forcible Compulsion,[31] one (1) count of Involuntary Deviate

- 2 -

Sexual Intercourse ("IDSI") Forcible Compulsion,[32] one (1) count of IDSI Threat of Forcible Compulsion,[33] one (1) count of Sexual Assault,[34] one (1) count of Indecent Assault Without Consent of Other,[35] one (1) count of Indecent Assault Forcible Compulsion,[36] one (1) count of Indecent Assault Threat of Forcible Compulsion,[37] one (1) count of Unlawful Restraint Serious Bodily Injury,[38] one (1) count of False Imprisonment,[39] and one (1) count of Terroristic Threats with Intent to Terrorize Another.[40]  After the entry of his guilty pleas, the trial court judge, the Honorable Clyde W. Waite, sentenced [Appellant] to a period of incarceration of not less than ten (10) years but not more than twenty (20) years on Count 1, Rape Forcible Compulsion, and to a period of incarceration of not less than two (2) years but not more than five (5) years on Count 11, Terroristic Threats, consecutive to his sentence under Count 1.  In addition, [Appellant] was sentenced to ten (10) years of probation for Count 3, IDSI Forcible Compulsion, consecutive to his sentences for Counts 1 and 11, and he was ordered to register as a Tier[-]III sexual offender.  Judge Waite also issued an order directing the SOAB to perform an assessment of [Appellant] to determine if he is a sexually violent predator.

> [30] 18 Pa.C.S.A. § 3121(a)(1)
> [31] 18 Pa.C.S.A. § 3121(a)(2)
> [32] 18 Pa.C.S.A. § 3123(a)(1)
> [33] 18 Pa.C.S.A. § 3123(a)(2)
> [34] 18 Pa.C.S.A. § 3124.1
> [35] 18 Pa.C.S.A. § 3126(a)(1)
> [36] 18 Pa.C.S.A. § 3126(a)(2)
> [37] 18 Pa.C.S.A. § 3126(a)(3)
> [38] 18 Pa.C.S.A. § 2902(a)(1)
> [39] 18 Pa.C.S.A. § 2903(a)
> [40] 18 Pa.C.S.A. § 2706(a)(1)

On June 29, 2018, the Commonwealth filed a Petition for Hearing to Determine Defendant's Sexual Offender Classification. On September 4, 2018, [Appellant] filed his "Motion to Declare SORNA 42 Pa.C.S.A. 9799 et seq. Unconstitutional, Motion to Vacate/Bar SOAB Evaluation, Objection to Commonwealth's Petition for Sexually Violent Predator Hearing, Motion for Continuance/Abeyance/Evidentiary Hearing and/or Motion to Bar Imposition," [which replicated the motions of other defendants challenging the SORNA registration requirements].

Trial Court Opinion, 12/17/18, at 1-10.

The trial court held an *en banc* hearing on September 17, 2018. Thereafter, Appellant and the Commonwealth filed additional briefs with the trial court. On December 17, 2018, the *en banc* panel filed a memorandum opinion holding that the current version of SORNA, as amended by Act 29, was punitive and therefore, unconstitutional. The Commonwealth filed a motion for reconsideration arguing that simply because Act 29 was punitive it is not unconstitutional. The Commonwealth further noted that the *en banc* court's determination failed to identify what constitutional provision was violated as a result of Act 29 being deemed punitive.

On February 13, 2019, the trial court held a brief hearing and ordered the filing of additional briefs. The Commonwealth filed a brief on February 22, 2019, and Appellant filed a brief on February 25, 2019. On March 18, 2019, the *en banc* panel of the trial court filed an order clarifying the implications of the court's determination filed on December 17, 2018. The *en banc* court's March 18, 2019 order vacated the portion of the December 17, 2018 memorandum opinion that held Act 29 to be unconstitutional. The court further clarified that although punitive, Subchapter H of Act 29 is constitutional except as to SVP determinations.

Appellant filed this appeal on April 17, 2019. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

> A. Whether the Lower Court erred when it failed to find that ACT 29 and its registration requirements violated the United

States Constitution and the enhanced protections under the Pennsylvania Constitution on its face and as applied?

B. Whether the Lower Court erred when it failed to find that ACT 29 and its registration requirements violated the United States and Pennsylvania Constitution Due Process prohibition against ex post facto laws?

C. Whether the Lower Court erred when it failed to find that ACT 29 and its registration requirements violated United States and Pennsylvania Constitutional Due Process protections because it deprives Appellant of the Right to Reputation under the Pennsylvania Constitution, it creates an irrebuttable presumption, treats all offenders universally as high-risk, violates individualized punishment, overly inclusive of offenders and charges, ignores reasonable alternative means exist to identify offender risk, denies any meaningful opportunity to be heard, exceeds the least restrictive means requirement, and otherwise violates substantive Due Process protections?

D. Whether the Lower Court erred when it failed to find that ACT 29 and its registration requirements violate the United States and Pennsylvania Constitutions as it constitutes cruel and unusual punishment where registration is based upon empirically false myths, fails to deter first time offenders, fails to reduce recidivism, threatens public safety, forces registrants and their families to suffer, creates an impassable barrier to reintegration into law-abiding society, and fails to address each offender individually?

E. Whether the Lower Court erred when it failed to find that ACT 29 and its registration requirements violate the United States and Pennsylvania Constitutions' Separation of Powers Doctrine, as it gave judicial powers to the Legislature and Pennsylvania State Police?

F. Whether the Lower Court erred when it failed to find that ACT 29 and its registration requirements violated United States and Pennsylvania Constitutions' Due Process provisions as it increased the maximum sentence without proof beyond a reasonable doubt to a jury in violation of *Alleyne v. United States*, 570 U.S. 99 (2013), and that said provisions are not severable?

Appellant's Brief at 4-5.

Prior to considering the issues set forth by Appellant, we address the procedural posture of this matter as it implicates our jurisdiction. Here, Appellant's judgment of sentence was entered on April 16, 2018. Therefore, in order to be timely Appellant had to file a post-sentence motion on or before April 26, 2018. *See* Pa.R.Crim.P. 720(A)(1) (providing that "a written post-sentence motion shall be filed no later than 10 days after imposition of sentence"). Rule 720 further instructs that "[i]f the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence ... ." Pa.R.Crim.P. 720(A)(3). *See* Pa.R.A.P. 903(a) (notice of appeal shall be filed within thirty days after the entry of the order from which the appeal is taken). Here, Appellant failed to file a timely post-sentence motion. Furthermore, Appellant failed to file a notice of appeal within thirty days of the entry of his judgment of sentence, *i.e.*, May 16, 2018. Rather, on September 4, 2018, after his appeal period expired, Appellant filed a motion with the trial court challenging the constitutionality and legality of SORNA. We further observe this Court has long held that "all motions filed after a judgment of sentence is final are to be construed as PCRA petitions." *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013) (citing *Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007)). Indeed, it is permissible for Appellant to challenge SORNA in a PCRA petition, although the PCRA is not the exclusive method for challenging sexual offender registration statutes. *Commonwealth v. Lacombe*, 234

A.3d 602, 617-618 (Pa. 2020) (rejecting Commonwealth's argument that PCRA is the sole procedural mechanism available for challenging SORNA; noting that courts have entertained challenges to SORNA on direct appeal, in PCRA petitions, or in other types of petitions). Accordingly, we consider Appellant's motion to be a properly filed PCRA petition.

We next turn to the issues presented by Appellant. Herein, Appellant raises challenges to the constitutionality of the order requiring him to register under SORNA as a Tier-III offender.

**Commonwealth v. Mickley**, 240 A.3d 957 (Pa. Super. 2020), instructs that the proper remedy herein is to remand for an evidentiary hearing on Appellant's challenges to SORNA. In **Mickley**, this Court observed that the appellant's constitutional challenges to SORNA were identical to arguments raised in **Commonwealth v. Torsilieri**, 232 A.3d 567 (Pa. 2020). The **Torsilieri** Court did not reach the merits of any of the constitutional claims at issue, determining instead that the factual record was not sufficiently developed in the trial court. The Court in **Torsilieri** concluded that a remand was appropriate "to allow the parties to address whether a consensus has developed to call into question the relevant legislative policy decisions impacting offenders' constitutional rights." **Id**. at 587. Based on **Torsilieri**, **Mickley** held:

> Here, despite defense counsel's attempt, no evidence was presented at the hearing on Mickley's post-sentence motion. Thus, in accordance with **Torsilieri**, we vacate the order denying Mickley's post-sentence motion and remand for a hearing at which

- 7 -

the parties can present evidence for and against the relevant legislation determinations discussed above.

*Mickley*, 240 A.3d at 963; *see also Commonwealth v. Asher*, ___ A.3d ___, 2020 PA Super 293, at *4 (Pa. Super. filed December 21, 2020) (citing *Torsilieri* and *Mickley* and concluding that where the defendant preserved his constitutional challenges to SORNA, but the trial court denied relief without developing a factual record, remand was proper for a hearing at which the parties could present evidence for and against relevant legislative determinations).

Upon review of the record, we conclude that the same remedy is appropriate here. As noted by the Commonwealth, the SORNA issues raised by Appellant are the same as those raised in *Torsilieri*. Commonwealth's Brief at 19 n.8. At the *en banc* hearing held on September 17, 2018, Appellant's counsel noted that the record was not complete and sought to present into evidence various affidavits "relevant to the due process challenges." N.T., 9/17/18, at 5. Appellant's counsel indicated the desire to create a record similar to *Torsilieri*. *Id*. at 5-6. However, the Commonwealth was hesitant to stipulate to the admission of the evidence. After extensive discussion and a brief recess, the *en banc* court reached the following conclusion:

> We've decided [to] proceed with the remaining arguments but not proceed on the due process issue today, and we're ordering both sides to meet within ten days and to endeavor to see whether or not you can reach an agreement as to what the record will be, whether there will be a stipulation as to the

admissibility of affidavits and curriculum vitae for experts for us to consider.

The second thing we're asking you to meet and discuss is for what purpose are we to consider those expert reports. See if you can reach an agreement, and if you cannot, you'll let us know that as well and what your position is. And then we can decide how we proceed on the due process issue.

*Id*. at 32-33.

The record further reflects that the parties were not able to reach an agreement as requested by the *en banc* court. Moreover, the *en banc* court failed to address the due-process claims presented by Appellant in either its memorandum opinion entered on December 17, 2018, or in its subsequent order entered March 18, 2019. Hence, the proper remedy under these circumstances is to remand for a hearing at which the parties can present evidence relating to Appellant's SORNA arguments.

Order vacated and case remanded for proceedings consistent with *Torsilieri*. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/21

- 9 -