J-A08028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                        : PENNSYLVANIA
                                        :

                v.                         :
                                          :

ANTHONY CAIBY                :
                                          :
             Appellant       :   No. 604 EDA 2020

Appeal from the PCRA Order Entered December 18, 2019
In the Court of Common Pleas of Monroe County Criminal Division
at No(s): CP-45-CR-0002035-2013

BEFORE: PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:           **FILED: JUNE 7, 2021**

Anthony Caiby (Appellant) purports to appeal from an order dated December 18, 2019. *See* Notice of Appeal, 1/13/20; *see also* PCRA Court Opinion, 3/6/20, at 1 n.1 (stating Appellant "filed in the Superior Court and this [c]ourt a separate *pro se* notice of appeal from an order purportedly dated December 18, 2019. However, no order was issued [on] that date."). After careful review, we quash.

This case has a convoluted history. However, we summarize only the facts most relevant to our disposition. On January 13, 2016, a jury convicted Appellant of first-degree murder and related offenses. On April 6, 2016, Appellant was sentenced to mandatory life imprisonment without the

_____

[*] Former Justice specially assigned to the Superior Court.

possibility of parole. Appellant filed a direct appeal, after which this Court affirmed his judgment of sentence. ***Commonwealth v. Caiby***, 181 A.3d 434 (Pa. Super. Nov. 21, 2017) (unpublished memorandum). The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on May 7, 2018. ***Commonwealth v. Caiby***, 185 A.3d 277 (Pa. 2018).

Appellant filed a timely PCRA petition, his first, on July 6, 2018. Following appointment of counsel, counsel's filing of an amended petition and several hearings, the PCRA court denied relief on November 1, 2019. Appellant did not appeal.

Two weeks later, on November 14, 2019, Appellant *pro se* filed a second PCRA petition. The PCRA court dismissed the petition as untimely, but without notice, on December 5, 2019.[1] Thereafter, Appellant erroneously filed two notices of appeal with this Court.[2] On January 21, 2020, this Court forwarded the notices of appeal to the Monroe County Court of Common Pleas. The PCRA court subsequently ordered the filing of a Rule 1925(b) statement. Order, 1/31/20. The court also ordered:

> . . . the Clerk of Courts shall immediately serve on Donald Gual, Esq., [Appellant']s counsel of record, copies of [Appellant']s *pro se* notices of appeal (both the notice filed directly with the

---

[1] In light of our disposition, the PCRA court's failure to issue Pa.R.Crim.P. 907 notice does not constitute reversible error. ***See Commonwealth v. Davis***, 916 A.2d 1206, 1208 (Pa. Super. 2007) ("[O]ur Supreme Court has held that where the PCRA petition is untimely, the failure to provide such notice is not reversible error.").

[2] Appellant filed his appeal at 1612 EDA 2020 from the order of December 5, 2019 but withdrew that appeal on October 6, 2020.

- 2 -

> Superior Court . . . and the notice filed . . . in this Court), the Superior Court's correspondence . . . returning [Appellant']s first *pro se* appeal, and all other *pro se* correspondence and filings submitted to this Court by [Appellant] on or after December 5, 2019, the date we entered an order denying Defendant's PCRA petition.

***Id.***

Based on the foregoing language, the PCRA court appears to conclude that Appellant's *pro se* notices of appeal constituted hybrid representation. However, the PCRA court never formally appointed counsel, and neither counsel nor Appellant filed a Rule 1925(b) statement. For that reason, the PCRA court has advocated for quashal. ***See*** PCRA Court Opinion, 3/6/20.

Further, despite not filing a Rule 1925(b) statement, counsel represents Appellant on appeal and has filed a brief on Appellant's behalf in which Appellant raises a single issue of trial counsel's ineffectiveness. ***See*** Appellant's Brief at 6. Neither Appellant's counsel nor the Commonwealth have addressed the untimeliness of the underlying PCRA petition or the procedural deficiencies in this appeal. ***See*** Appellant's Brief at 1-17; Commonwealth's Brief at 1-9.

On September 9, 2020, this Court issued a rule to show cause as to why this appeal should not be dismissed as: (1) taken from an order not properly entered on the PCRA court docket; (2) being untimely; and (3) being duplicative of the appeal at 1612 EDA 2020. Appellant did not respond. On November 5, 2020, we discharged the rule to show cause and referred the issues to this merits panel. Accordingly, we address jurisdiction. ***See***

*Commonwealth v. Young*, 246 A.3d 887, 888 (Pa. Super. 2021) (citation omitted) (subject matter jurisdiction is a question of law and may be raised by any party or by the court *sua sponte*).

Pennsylvania Rule of Appellate Procedure 301 provides:

**Rule 301. Requisites for an Appealable Order**

**(a) Entry upon docket below**

(1) Except as provided in paragraph (2) of this subdivision, no order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court. Where under the applicable practice below an order is entered in two or more dockets, the order has been entered for the purposes of appeal when it has been entered in the first appropriate docket.

Pa.R.A.P. 301(a)(1).

As stated above, Appellant appeals from an order purportedly dated December 18, 2019. Notice of Appeal, 1/13/20. However, there is no order dated December 18, 2019 in the docket or certified record.[3] Accordingly, we quash this appeal. *See Young*, 246 A.3d at 1090 (quashing appeal for failure to comply with Pa.R.A.P. 301).

We further note that even if we were to deem this appeal as being taken from the December 5, 2019 order, find the appeal timely under the prisoner mailbox rule, and excuse noncompliance with Pa.R.A.P. 1925(b), Appellant would still not be entitled to relief because the underlying PCRA petition is

---

[3] The only order entered in December 2019 is the December 5, 2019 order dismissing the second PCRA petition.

untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant's judgment of sentence became final on August 6, 2018, when the 90-day period to file a petition for a writ of *certiorari* with the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S. S.Ct. Rule 13. Appellant's second PCRA petition, filed November 14, 2019, is facially untimely and Appellant has not invoked any of the exceptions to the timeliness requirement. The PCRA court stated:

> [I]n an attempt to head off additional, unnecessary litigation, and to save time and resources for all persons and courts concerned, we note that our reasons for denying [Appellant']s second PCRA petition, as well as the law on which we relied, are recited in the December 5, 2019 order. We incorporate that order into this opinion as Appendix A. **No matter what issue [Appellant] might raise or attempt or wish to raise, the second PCRA petition is untimely, procedurally defective, and substantively without merit** for the reasons stated in the order.

PCRA Court Opinion, 3/6/20, at 2 (emphasis added).

For the reasons stated above, we quash this appeal.

Appeal quashed.

P.J. Panella joins the memorandum.

P.J.E. Stevens concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/7/21