J-S37008-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VINCENT FERST | : | |
| | : | |
| Appellant | : | No. 2391 EDA 2021 |

Appeal from the PCRA Order Entered October 21, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0605551-2002

BEFORE: BOWES, J., LAZARUS, J., and OLSON, J.

MEMORANDUM BY BOWES, J.: **FILED JANUARY 19, 2023**

Vincent Ferst appeals from the order that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

The history of this case, pared down to the facts pertinent to this appeal, is as follows. Appellant and co-conspirators committed six separate robberies between February 10 and 15, 2002, and Appellant was charged with various offenses at six different docket numbers. The case at issue in the instant appeal relates to the Valentine's Day robbery of Delores Prince and Dorothy DiGiacomo, during which Appellant's co-conspirator wielded a firearm (hereafter "the Prince/DiGiacomo case" or "the instant case"). The six cases were consolidated for trial, at the conclusion of which the jury convicted Appellant of numerous crimes, including multiple counts of conspiracy, robbery, and aggravated assault. On May 29, 2003, the trial court sentenced

Appellant to an aggregate term of forty-four and one-half to ninety-four years of imprisonment. Appellant received multiple five-to-ten-year mandatory minimum sentences pursuant to 42 Pa.C.S. § 9712(a).[1] We affirmed Appellant's judgment of sentence as to all six cases on his direct appeal, and our Supreme Court declined discretionary review. *See Commonwealth v. Ferst*, 935 A.2d 10 (Pa.Super. 2007) (unpublished memorandum), *appeal denied*, 940 A.2d 362 (Pa. 2007) ("*Ferst I*").

In 2008, Appellant filed a timely PCRA petition in all six cases. Ultimately, this Court affirmed the PCRA court's dismissal of Appellant's PCRA claims in the other five cases but held that the mandatory minimum sentences in the Prince/DiGiacomo case were illegal pursuant to *Commonwealth v. Dickson*, 918 A.2d 95, 109 (Pa. 2007) ("[U]narmed co-conspirators do not fall within the ambit of § 9712(a)."). *See Commonwealth v. Ferst*, 64 A.3d 32 (Pa.Super. 2012) (unpublished memorandum) ("*Ferst II*"). Accordingly, on March 21, 2013, the trial court resentenced Appellant only in the Prince/DiGiacomo case, imposing sentences of four to eight years of imprisonment for the robbery counts to run concurrent with the unchanged

_____

[1] That statute provided, in pertinent part, that a person convicted of a second or subsequent crime of violence shall be sentenced to at least five years of imprisonment "if the person visibly possessed a firearm or a replica of a firearm, whether or not the firearm or replica was loaded or functional, that placed the victim in reasonable fear of death or serious bodily injury, during the commission of the offense[.]" 42 Pa.C.S. § 9712(a).

sentences for aggravated assault and conspiracy. Appellant's sentences in the other cases were not disturbed.

Appellant filed a *nunc pro tunc* direct appeal from this new sentence. Counsel sought and was granted leave to withdraw after this Court agreed with counsel that the appeal was wholly frivolous. *See Commonwealth v. Ferst*, 179 A.3d 616 (Pa.Super. 2017) (unpublished memorandum) ("*Ferst III*"). In doing so, we rejected Appellant's claim that he was entitled to have his mandatory minimum sentences in the other cases vacated pursuant to *Alleyne v. United States*, 590 U.S. 99, 103 (2013) (holding that any fact that increases the mandatory minimum sentence for an offense is an element of the crime that must be submitted to the jury). Specifically, we observed that only the Prince/DiGiacomo case was before us on appeal, not the other five, and that, in any event, *Alleyne* did not apply retroactively to Appellant's cases on collateral review. *Ferst III*, *supra* (unpublished memorandum at 9) (citing *Commonwealth v. Washington*, 142 A.3d 810, 814 (Pa. 2016) ("*Alleyne* does not apply retroactively to cases pending on collateral review.")).

Appellant filed a *pro se* PCRA petition at all docket numbers on April 11, 2018, contending that his counsel should have sought resentencing in all cases, not just in the instant case, and should have claimed that the other mandatory minimums were illegal pursuant to *Alleyne*. The PCRA court dismissed the petition as untimely, and Appellant appealed to this Court, but

J-S37008-22

only as to the instant case. Without making a ruling as to the timeliness of the petition, we held that, because it was Appellant's first PCRA petition as to his new judgment of sentence in the instant case, the PCRA court erred in failing to appoint counsel before assessing the timeliness of the filing. *See Commonwealth v. Ferst*, 227 A.3d 417 (Pa.Super. 2020) (non-precedential decision at 8-10) ("*Ferst IV*"). Therefore, we vacated the dismissal order entered in the instant case and remanded for further PCRA proceedings with counsel related to the judgment of sentence in the Prince/DiGiacomo case. Our remand did not suggest that Appellant was entitled to counsel or further proceedings in any of the other five cases whose judgments of sentence had long been final.

On November 22, 2020, counsel who was appointed in accordance with our remand order in this case filed an amended PCRA petition captioned not only at the above docket number, but also at three of the other docket numbers as well.[2] In the petition and its attached memorandum of law, Appellant claimed that the filing was timely in the instant case and satisfied the newly-discovered-facts exception as to the other listed cases.[3] *See*

---

[2] In an unauthorized supplemental petition, counsel added another of the docket numbers pertaining to the string of robberies.

[3] Counsel stated that this Court had already ruled that the 2018 petition was timely. *See* Memorandum of Law, 11/22/20, at unnumbered 4. This is untrue. As indicated above, in *Ferst IV* we expressly declined to rule on the timeliness of the petition, and limited our holding to enforcing Appellant's right to counsel.

- 4 -

Memorandum of Law, 11/22/20, at unnumbered 4. Specifically, Appellant claimed that he learned on March 7, 2018, that one of the police detectives who testified against Appellant at trial, Detective John Verrecchio, was subject to an ongoing investigation regarding evidentiary improprieties. Substantively, Appellant asserted "that the detective provided perjured testimony, coerced witnesses to make false statements, and improperly told witnesses whom they should choose from the line-ups or photo arrays." *Id*. at unnumbered 5. Appellant additionally raised claims of ineffective assistance of counsel in connection with prior counsel's failure to challenge his sentences in the other cases based upon an alleged right to merger and the putative imposition of illegal mandatory minimums. *Id*. at unnumbered 5-6. In conclusion, Appellant contended that he was "entitled to a new trial, reinstatement of his direct appeal rights on the docket numbers excluded by appellate counsel, or in the alternative, an evidentiary hearing" to prove his claims. *Id*. at unnumbered 11.

The Commonwealth moved to dismiss Appellant's petition. First, the Commonwealth asserted that Appellant failed to support his substantive after-discovered evidence claim with any offer of proof in the form of witness statements or other evidence to show that Detective Verrecchio engaged in misconduct in Appellant's case. *See* Motion to Dismiss, 2/26/21, at unnumbered 9-10. Next, the Commonwealth detailed why Appellant's aggregate sentence was not illegal, namely because the various robberies did

not constitute a single criminal act. *Id*. at unnumbered 10-12. Finally, the Commonwealth argued that the claims as to the cases other than the instant case were untimely and no exceptions applied. *Id*. at 12-18.

By order of October 21, 2021, which was filed only in the instant case, the PCRA court granted the Commonwealth's motion and dismissed Appellant's petition.[4] Although the PCRA court's dismissal order only pertained to the Prince/DiGiacomo case, Appellant filed notices of appeal at each of the five docket numbers listed on his supplemental PCRA petition. After issuing a rule to show cause, this Court quashed the other four appeals due to lack of entry of a dispositional order as to those dockets. The parties have filed their briefs in the instant case, rendering it ripe for our disposition.[5]

Appellant presents the following questions for our consideration, which we have re-ordered for ease of disposition:

> 1.    Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish that Appellant was denied effective assistance of appellate counsel as guaranteed by the Sixth Amendment of the United States Constitution and the analogous provisions of the Pennsylvania Constitution.

---

[4] The PCRA court did not issue notice of its intention to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, instead relying upon the notice filed prior to the *Ferst IV* appeal. As Appellant did not raise the absence of a Rule 907 notice among his claims of error, any such complaint is waived. *See Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa.Super. 2013) ("The failure to challenge the absence of a Rule 907 notice constitutes waiver.").

[5] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

2. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish a violation of Appellant's Sixth Amendment right to effective representation on appeal.

3. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish that the trial court imposed a sentence in excess of the statutory maximum.

4. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented of newly discovered evidence that was not available at trial that would have exonerated Appellant had it been introduced at trial.

5. Whether the PCRA court erred by failing to grant an evidentiary hearing.

Appellant's brief at 8 (cleaned up).[6]

We begin with a review of the applicable law. "The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." ***Commonwealth v. Williams***, 244 A.3d 1281, 1286 (Pa.Super. 2021). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Id***. at 1286-87. Further, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due."

---

[6] We note with disapproval that Appellant's brief is wholly single spaced. We remind counsel for future reference that, pursuant to Pa.R.A.P. 124(a)(3), text in briefs must be double spaced, with the exception of footnotes and quotations that are more than two lines long.

*Commonwealth v. Stansbury*, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

Before we address Appellant's issues, we first determine the scope of this appeal. In particular, we must assess whether Appellant's PCRA claims as to any case other than the Prince/DiGiacomo case is presently before us. In *Ferst IV*, we observed that, "'[w]here a case is remanded to resolve a limited issue, only matters related to the issue on remand may be appealed.'" *Ferst IV*, *supra* at 8-9 n.5 (quoting *Commonwealth v. Lawson*, 789 A.2d 252, 253 (Pa.Super. 2001)). *Ferst IV* was captioned only as to the Prince/ DiGiacomo case, which was the only case in which PCRA relief was granted in *Ferst II*, and the only one in which a new judgment of sentence was affirmed in *Ferst III*.

Hence, as indicated above, our remand in *Ferst IV* was limited to the appointment of counsel in the Prince/DiGiacomo case for pursuing claims for PCRA relief as to Appellant's new sentence in that case alone. *Ferst IV*, *supra* at 8-9 n.5 (citing, *inter alia*, *Commonwealth v. McKeever*, 947 A.2d 782, 785-86 (Pa.Super. 2008)). We did not in *Ferst IV* authorize the appointment of counsel for any other case, nor remand for Appellant to pursue serial PCRA petitions in the other cases or attempt to incorporate the other cases by amendment or supplement. Therefore, the PCRA court properly addressed Appellant's PCRA claims only as to the Prince/DiGiacomo case and entered an order disposing of those claims only on the docket for the Prince/DiGiacomo

case. Moreover, the present appeal is captioned only in the Prince/DiGiacomo case, with the appeals in the other cases having been quashed. It is axiomatic that "this Court lacks jurisdiction to review the propriety of convictions or sentences imposed at docket numbers other than those challenged in the notice of appeal." **Commonwealth v. Young**, 246 A.3d 887, 889 (Pa.Super. 2021).

Consequently, Appellant's first two issues, which concern counsel's purported failure to file a direct appeal in cases other than the instant case and the alleged illegality of his sentences in the other cases, are not before us in this appeal.[7] Thus, we do not address them.

Appellant's third claim is that his aggregate sentence is greater than the lawful maximum. Specifically, he contends that, since the six robberies were intertwined enough to have been consolidated for a joint trial, they necessarily constituted a single criminal episode such that the separate robbery, conspiracy, and aggravated assault convictions merged for sentencing purposes. **See** Appellant's brief at 17.

To the extent that Appellant seeks to disturb his sentences in any case other than the Prince/DiGiacomo case, we lack jurisdiction to do so as we just

_____

[7] As the Commonwealth aptly observes, direct appeal counsel did in fact appeal in all six cases in **Ferst I**, and this Court in **Ferst III** indicated that Appellant's resentencing in the Prince/DiGiacomo case did not implicate the sentences in the other cases in some manner that would have permitted counsel to have appealed them anew at that time. **See** Commonwealth's brief at 24.

discussed. **See Young**, **supra** at 889. To the extent that Appellant claims he should not have received a further penalty in the instant case because it merged with his other sentences, the claim is properly before us as a timely-raised challenge to the legality of his 2013 resentencing in the instant case, which became final in November 2017. However, we find no merit in Appellant's argument. This Court has already rejected the notion that merger of offenses at sentencing necessarily follows their consolidation for purposes of trial. **See Commonwealth v. Andrews**, 720 A.2d 764, 769 (Pa.Super. 1998), *aff'd,* 768 A.2d 309 (Pa. 2001) ("There is nothing about the concept of consolidation that invokes the concept of merger."). The PCRA court ably expresses in its opinion why the separate offenses did not merge for sentencing purposes, and we affirm the dismissal on that basis. **See** PCRA Court Opinion, 5/5/22, at 6 (explaining that the string of incidents was not a single criminal episode because they "spanned over several days, different locations, and involved different victims" and types of weapons).

Appellant's fourth claim is that the PCRA court erred in dismissing his after-discovered evidence claim. In this claim, Appellant challenges not the **resentencing** in the instant case, but rather the **underlying conviction** that was not disturbed when this Court granted PCRA sentencing relief in **Ferst II**. Appellant's judgment of sentence became final in 2008 for the purposes of guilt-phase PCRA claims. **See Ferst IV**, **supra** at 8-9 n.5 (citing, *inter alia*, **McKeever**, **supra** at 786). Therefore, Appellant was required to establish an

- 10 -

exception to the PCRA's one-year time bar in order to obtain merits-consideration of his April 2018 after-discovered evidence claim.

As indicated *supra*, Appellant invoked in his amended petition the newly-discovered-facts exception codified at 42 Pa.C.S. § 9545(b)(1)(ii). He asserted that he discovered the facts upon which his claim is predicated on March 7, 2018, and timely raised them in his April 2018 PCRA petition. The PCRA court agreed that Appellant thereby satisfied the PCRA's timeliness requirements. **See** PCRA Court Opinion, 5/5/22, at 5. As we discern no basis to disturb the PCRA court's timeliness determination, we proceed to consider Appellant's assertion that the PCRA court erred in dismissing his substantive after-discovered-evidence claim.

We have detailed the requirements for establishing the merits of such a claim as follows:

> A criminal defendant seeking to assail a guilty verdict and retry a case with after-discovered evidence must clear four hurdles. He must convince the trial court that the evidence (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted. The test is conjunctive; the defendant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted.

**Commonwealth v. Felder**, 247 A.3d 14, 17 (Pa.Super. 2021) (cleaned up). "The proposed new evidence must be producible and admissible. It is axiomatic that allegations are not evidence. One cannot glean from bald

- 11 -

allegations what evidence of misconduct [a petitioner] intended to produce."

***Commonwealth v. Griffin***, 137 A.3d 605, 608–09 (Pa.Super. 2016) (cleaned up).

Appellant's argument is as follows:

Appellant . . . discovered on March 7, 2018, that an investigation was ongoing of legitimate allegations against Detective John Verrecchio for fabricating evidence, withholding evidence, coercing witness statements, and providing perjured testimony. Detective Verrecchio testified against [A]ppellant at his trial and provided perjured testimony to the jury. Additionally, the detective coerced witnesses to make false statements and improperly told witnesses whom they should choose from the line-ups and photo arrays. The newly-discovered information satisfied each of the requirements and qualified as "after-discovered evidence" under the PCRA. The evidence was obtained after trial and could not have been obtained through reasonable diligence, as the investigation was unknown to the public at that time. The newly-discovered evidence is not cumulative. The information is not being used to impeach the credibility of Detective Verrecchio as a witness, rather, it constitutes a violation of [A]ppellant's due process rights to a fair trial free from tainted evidence. Most importantly, the information regarding the detective established [A]ppellant's innocence while compelling the jury to render a different verdict. . . .

Appellant's brief at 15-16.

Appellant did not identify what testimony Detective Verrecchio offered that was knowingly false, which witnesses he coerced, or what false statements they made as a result of the alleged coercion. Furthermore, Appellant did not indicate what producible and admissible evidence he had to prove his claims. Rather, having received a notice from the Commonwealth that an internal police investigation was ongoing, it appears that Appellant prematurely filed a PCRA petition upon the assumption that the investigation

- 12 -

would result in evidence of misconduct in relation to Appellant's case. Therefore, we agree with the PCRA court that Appellant's "claims are mere allegations, . . . the claim is premature, and Appellant failed to establish that he eligible for relief."[8]  PCRA Court Opinion, 5/5/22, at 5.  **See Griffin**, **supra** at 608-09.  Thus, Appellant's fourth issue entitles him to no relief.

Appellant's final claim is that the PCRA court erred in dismissing his petition without first holding a hearing.  **See** Appellant's brief at 20-21. However, as the above analysis reveals, Appellant failed to identify any material facts in controversy that he would be able to prove through producing admissible evidence at a hearing.  Accordingly, the PCRA court did not abuse its discretion in declining to hold a hearing.  **See Williams**, **supra** at 1287 ("It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." (cleaned up)).

For the reasons detailed above, Appellant has failed to persuade us that the PCRA court erred and that relief is due.  **See Stansbury**, **supra** at 161. Therefore, we affirm the PCRA court's order dismissing Appellant's petition.

Order affirmed.

_____

[8] The Commonwealth represented that if the investigation should uncover exculpatory evidence, "a new Police Misconduct Disclosure notice will be generated and [Appellant] can raise this claim anew."  Commonwealth's brief at 16.

- 13 -

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* *1/19/2023*