J-S13012-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TERRANCE MCCORD | : | |
| | : | |
| Appellant | : | No. 1251 MDA 2024 |

Appeal from the PCRA Order Entered August 15, 2024
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001997-2021

BEFORE: PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.E.: **FILED: APRIL 23, 2025**

Terrance McCord appeals pro se from the order entered on August 15, 2024, dismissing his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. McCord challenges the dismissal of his PCRA petition and asserts he had meritorious grounds for an evidentiary hearing. We affirm.

We glean the relevant facts from the certified record. McCord was charged by criminal complaint on October 16, 2021 for events that occurred that day. The Commonwealth filed a criminal information charging McCord with resisting arrest, open lewdness, disorderly conduct, two counts of criminal mischief, and a single count of public drunkenness.[1] McCord entered

---

[1] 18 Pa.C.S.A. §§ 5104, 5901, 5503(a)(3), 3304(a)(1), and 5505, respectively.

a guilty plea to resisting arrest on November 19, 2021, in exchange for the Commonwealth entering a nolle prosequi on the remainder of the charges.[2] After McCord did not appear for the originally scheduled sentencing hearing and a bench warrant was issued for his arrest, McCord was sentenced to 6-12 months' incarceration on January 24, 2023.

McCord did not file a direct appeal. On February 23, 2024, McCord filed a pro se PCRA petition. Counsel was appointed, who filed a **Turner**/**Finley**[3] no merit letter and petition to withdraw as counsel. The PCRA court granted counsel's request to withdraw and issued a Rule 907 notice of intent to dismiss the PCRA petition for lack of merit.[4] McCord filed a pro se response and the PCRA court dismissed the PCRA petition on August 15, 2024. McCord filed a

---

[2] McCord also entered guilty pleas at three other dockets on November 19, 2021. Although McCord references those other cases within his brief to this Court, McCord did not file an appeal on the other dockets. Those cases are therefore not before this Court. **See Commonwealth v. Hardy**, 99 A.3d 577, 579 (Pa. Super. 2014) (This Court lacks jurisdiction to review sentence imposed at other dockets where the notice of appeal only includes one docket number, but issues are raised as to other dockets).

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] McCord repeatedly claims the PCRA court dismissed his petition as untimely, however, the PCRA court's Rule 907 notice does not make any reference to timeliness. **Cf.** Appellant's Brief, at I, 5, 6, 13, 14; Rule 907 Notice, 7/24/24, at 1-5. As McCord's PCRA petition was timely filed, albeit on the last day possible, we will not address the timeliness claims raised in McCord's brief. **See** 42 Pa.C.S.A. § 9545(b)(1) (providing a PCRA petition must be filed within one year of the judgment of sentencing becoming final).

timely notice of appeal. The PCRA court did not order a Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b).

Before we turn to the merits of McCord's claims, we must address the Commonwealth's contention that McCord's brief does not comply with our rules. *See* Appellee's Brief, at 6-9.

"[B]riefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the defect in the brief is substantial." *Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017) (citation omitted); *see* Pa.R.A.P. 2101 (if the brief of the appellant fails to conform with the Rules of Appellate Procedure in all material respects the appeal may be quashed). Although we are "willing to construe liberally materials filed by a pro se litigant, a pro se appellant enjoys no special benefit." *Tchirkow*, 160 A.3d at 804 (italics omitted). "[W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." *Commonwealth v. Johnson*, 236 A.3d 1141, 1151 (Pa. Super. 2020) (en banc) (citation omitted).

The Commonwealth is correct that McCord's brief does not conform to our rules. McCord does not provide a valid statement of both the scope of review and the standard of review, as he does not provide any legal authority and he includes argument within his statement of the scope and standard of review. *See* Pa.R.A.P. 2111(a)(3); Appellant's Brief, at 3. McCord includes two

statements of the questions involved, one titled "statement of the questions involved" that does not comply with our rules as he again includes argument within the statement. *See* Pa.R.A.P. 2116(a); Appellant's Brief, at 4. The second is titled "statement of the questions presented" and substantially complies with the rule. *See* Pa.R.A.P. 2116(a); Appellant's Brief, at 6. However, the confusion of which statement of the questions to utilize is compounded by the fact that he does not include a section titled "argument" and none of the proceeding sections separate out the questions raised into separate arguments. *See* Pa.R.A.P. 2119(a), 2116(a) (providing no question will be considered by our Court unless it is included in the statement of questions or is suggested thereby).

McCord continues to compound his errors by including what he titled a Rule 1925 statement, but one was never ordered by the PCRA court, so his brief instead should have included an averment that no Rule 1925(b) statement was ordered. *See* Pa.R.A.P. 1925(d). Nor does this alleged Rule 1925 statement comply with the rule as it is not concise and does not include all issues raised within his brief. *See* Pa.R.A.P. 1925(b); Appellant's Brief, at 10-12.

While McCord's brief is defective, we will attempt to parse out his arguments instead of quashing his appeal as our ability to review his claims is not fully impeded by his defective brief.

We believe McCord is arguing the PCRA court erred in dismissing his PCRA petition without a hearing and he raises two arguments in support. First, McCord is asserting his guilty plea was unlawfully induced. **See** Appellant's Brief, at 13. Second, McCord claims the court imposed an illegal sentence. **See id.** We address each in turn, recognizing that we will not act as counsel for McCord and will only parse out what we can from his rambling, incoherent arguments. **See Johnson**, 236 A.3d at 1151 ("This Court will not act as counsel and will not develop arguments on behalf of an appellant.") (citation omitted).

In his first claim, McCord asserts counsel was ineffective in advising him to plead guilty which led to an illegal sentence. **See** Appellant's Brief, at 14. McCord alleges he was "compelled … into entering a plea that was not in [his] best interest." **Id.** at 15. He further submits his guilty plea was not knowingly and intelligently entered.[5] **See id.**

---

[5] It seems McCord is confusing the standard for an unlawfully induced guilty plea with the standard for ineffective assistance of counsel. **See** Appellant's Brief, at 13 (asserting his guilty plea was unlawfully induced), 14 (asserting counsel was ineffective in coercing him to plead guilty). As McCord never asserts he is innocent of the charge of resisting arrest, we will proceed under the standard for ineffective assistance of counsel. **See** 42 Pa.C.S.A. § 9543(a)(2)(iii) (requiring a petitioner to assert the guilty plea was unlawfully induced **and** the petitioner is innocent); **Commonwealth v. Lynch**, 820 A.2d 728, 732 (Pa. Super. 2003) (noting the confusion between unlawfully induced guilty pleas and ineffective assistance of counsel and finding that if a petitioner does not assert he is innocent of the charge, he may still proceed with a claim of ineffective assistance of counsel).

"Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (internal quotation marks and citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Id.* at 192 (citation omitted).

McCord claims counsel was ineffective; therefore, he must prove:

(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

*Id.* (citation omitted). "Trial counsel is presumed to be effective, and [an appellant] bears the burden of pleading and proving each of the three factors by a preponderance of the evidence." *Id.* (citations omitted).

Counsel may be ineffective in advising a defendant to plead guilty, however, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Id.* (citations omitted). "The law does not require that the defendant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that his decision to plead guilty be knowingly, voluntarily, and intelligently made."

- 6 -

*Commonwealth v. Willis*, 68 A.3d 997, 1002 (Pa. Super. 2013) (citation and brackets omitted).

> With regard to the voluntariness of a plea, a guilty plea colloquy must affirmatively demonstrate the defendant understood what the plea connoted and its consequences. Once the defendant has entered a guilty plea, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him.

*Id.* (quotation marks and citations omitted).

> The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court, and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the court is not bound by the terms of the agreement unless the court accepts the agreement. This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1013 (Pa. Super. 2016) (citations omitted). Finally, "[w]e note that one is bound by one's statements made during a plea colloquy, and one may not successfully assert claims that contradict such statements." *Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002) (citation omitted).

During the guilty plea colloquy, McCord indicated he understood he had a right to trial by jury, no threats or promises were made in exchange for his guilty plea, the factual basis for his plea to resisting arrest, the maximum

penalty for the crime, and that he reviewed the written guilty plea colloquy. *See* N.T. Guilty Plea, 11/19/21, at 2, 3, 5. The written guilty plea colloquy indicated McCord understood the nature of the charges against him, his presumption of innocence, his right to trial by jury, and the other rights he was giving up by pleading guilty. *See* Guilty Plea Colloquy, 11/15/21, at 1-2. The written colloquy included the plea agreement, specifically, that the Commonwealth would withdraw all remaining charges for McCord's plea to one count on each of four dockets. *See id.* at 2. The written colloquy further covered the fact that the court is not bound by the plea agreement, the maximum penalties for each crime, and that McCord is entering the plea of his own free will. *See id.* at 3. McCord signed the colloquy and initialed each page. *See id.* at 1-4. McCord clearly understood the plea he was entering and the possible consequences of that plea. We find McCord's guilty plea was therefore knowingly, intelligently, and voluntarily entered. His claims to the contrary are not persuasive.[6]

---

[6] We note that McCord does not seem to be complaining about his guilty plea on this case, as he asserts he was advised by counsel that he would only receive three years of incarceration and he was misadvised by counsel regarding a suppression motion on drug charges. *See* Appellant's Brief, at 7, 8, 11, 16, 17. As McCord received less than 3 years on this case and was arrested in public and not charged with possession of drugs, these claims must reference the other cases that were not appealed and are not in front of this Court. We therefore will not address these arguments. *See Hardy*, 99 A.3d at 579.

McCord next seems to assert he was given an illegal sentence. **See** Appellant's Brief, at 13, 14, 15. Again, it is difficult to parse out what McCord claims is illegal, however, we believe he is arguing there was no statutory authorization for the sentence imposed. **See id.** at 15 ("Neither the guilty plea was knowingly or intelligently submitted, nor was the sentence imposed legally binded (sic) and/or prescribed per statutory authorization[.]") (unnecessary capitalization omitted).

"[T]he typical illegal sentence is one which exceeds the statutory maximum." **Commonwealth v. Foster**, 17 A.3d 332, 341 (Pa. 2011) (citation omitted). "Over the years, however, the definition of what constitutes an illegal sentence has expanded." **Commonwealth v. Moore**, 247 A.3d 990, 993 (Pa. 2021). There are four broad categories of illegal sentence challenges. **See Commonwealth v. Prinkey**, 277 A.3d 554, 562 (Pa. 2022). "First, a claim that a sentence was imposed pursuant to a facially unconstitutional sentencing statute is a legality challenge because, if the claim prevails, the sentence was imposed under statutory authority that never lawfully existed." **Id.** (citations omitted). "The second category encompasses allegations that a sentence was imposed without the fulfillment of statutory preconditions to the court's sentencing authority." **Id.** (citations omitted). "The third category of legality challenges encompasses those claims that allege a violation of a substantive restriction that the Constitution places upon a court's power to apply the statutory sentence to the defendant." **Id.** "Finally, a sentence is

illegal where the statutory support for the underlying conviction is void ab initio." *Id.* at 563 (italics and citation omitted).

Notably, "[i]n each, the inquiry is whether … the result would be that the trial court lacked authority to impose the sentence at issue." *Id.* If the trial court did not have the authority to impose the sentence at issue, then the claim sounds in legality of sentence. *See id.*

McCord pled guilty to resisting arrest and received a sentence of 6 to 12 months' incarceration.[7] We find no illegality in the sentence imposed. McCord was sentenced below the applicable maximum of two years; the statutes upon which the sentence is based have not been found unconstitutional; and the statutes are valid and binding upon the trial court. *See* 18 Pa.C.S.A. § 5104 (resisting arrest is a misdemeanor of the second degree); 18 Pa.C.S.A. § 1104(2) (maximum sentence for misdemeanor of the second degree is 2 years). This claim is therefore meritless.

Because we find McCord entered a knowing, intelligent and voluntary guilty plea and we find no illegality in the sentence imposed, we affirm the order dismissing his PCRA petition.

---

[7] As noted above, we do not discuss the other cases that McCord pled guilty to, as he did not file appeals at those dockets.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>04/23/2025</u>